IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| A.A.R.P., *et al.*, on their own behalf and on behalf of others similarly situated, <br><br> *Petitioners–Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> *Respondents–Defendants*. | Case No. 1:25-cv-0059 <br><br> **MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS-PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS** |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS-PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS**

**INTRODUCTION**

Petitioners-Plaintiffs A.A.R.P. and W.M.M. move for permission to proceed under pseudonyms in the above-captioned case. The named Petitioners are challenging the Presidential Proclamation entitled the "Invocation of the Alien Enemies Act Regarding the Invasion of The United States by Tren De Aragua" (the "Proclamation") and its implementation that threatens them, and others similarly situated, with summary removal from United States. They do so in a time of extreme anti-immigrant rhetoric and hostility.

Petitioners ask this Court to permit them to proceed pseudonymously because the complaint, declarations, and subsequent filings will contain highly sensitive and personal information about his immigration status and history, and because Petitioners are challenging the very Proclamation that might subject them to retaliatory removal from the United States if they were identified. Further, Respondents-Defendants ("Respondents") will not be prejudiced in their

1

ability to litigate the constitutionality of the Proclamation, and the public's interest in knowing the identity of the Petitioners, which are currently unknown to the public, is minimal. Petitioners are willing to provide the Court with their names. Thus, this Court should protect the Petitioner's safety and liberty interests and grant the Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that the complaint "name all the parties." *See also* Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."). But the Fifth Circuit has recognized that courts are permitted "to accommodate a plaintiff's asserted need to proceed anonymously through the use of a fictitious name." *see Doe v. Stegall*, 653 F.3d 180, 185 (5th Cir. 1981). When considering a plaintiff's request to proceed anonymously, the Fifth Circuit considers the totality of the circumstances, including the following factors: "(1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information of the utmost intimacy; and (3) plaintiffs were compelled to admit their intentions to engage in illegal conduct, thereby risking criminal prosecution." *Id.*, at 185. Courts also consider (4) potential threats of violence, (5) the prejudicial impact on the defendants if the plaintiff is allowed to proceed anonymously, and (6) fairness to the public. *Doe v. Bd. Of Supervisors of University of Louisiana Sys.*, No. 22-cv-00338, 2022 WL 17070549, at *2 (M.D. La. Nov. 17, 2022).

## ARGUMENT

The *Stegall* factors weigh in favor of granting Petitioners' anonymity here. Petitioners are challenging only governmental activity – summary removals under the Proclamation. This case contains highly sensitive and personal information about Petitioners' immigration status and

physical characteristics, and Petitioners will likely be subject to removal under the Proclamation if their identities were revealed. The rights that Petitioners seek to protect by remaining anonymous do not prejudice the federal government's ability to litigate the legality of the Proclamation, and Petitioners are willing to reveal their identities to the Court, if necessary.[1]

## I.   Petitioners Are Challenging Governmental Conduct (Factor 1).

The only adverse party here is the federal government, and all Respondents are sued in their official capacity, which supports anonymity because suits against the government involve no injury to the government's reputation.

## II.   Pseudonyms Are Necessary to Protect Highly Sensitive and Personal Information (Factor 2).

Courts have routinely treated immigration matters, like the ones here, that disclose personal information, "with sensitivity under the Federal Rules of Civil Procedure and the INA." *R.F.M. v. Nielsen,* 365 F. Supp. 3d 350, 370-72 (S.D.N.Y. 2019); *M.M. v. Mayorkas*, No. 24-2090, 2024 WL 1795766, ay *2 (S.D.N.Y. Apr. 25, 2024) ( granting motion to proceed anonymously where "[t]he facts underlying [p]laintiff's claim" involved a "highly sensitive and personal matter"); *M.O. v. Mayorkas*, No. 23-06609, 2023 WL 7300960, at *2 (W.D.N.Y. Nov. 6, 2023) (permitting plaintiff, an asylum seeker, to proceed under a pseudonym). Petitioners' immigration status and histories, including fears of persecution in Venezuela, coupled with their physical characteristics that would risk them being (wrongly) identified as TdA members under the Proclamation, are highly sensitive, personal information that warrants granting anonymity. *See* Compl. ¶¶ 19-20.

---

[1] The only remaining *Stegall* factor, number 3, is not at issue here.

### III. Pseudonyms Are Necessary Because Petitioners Are Likely Face Retaliatory Harms of Arrest, Prosecution, and Removal Under the Challenged Proclamation, and Physical Harm in Venezuela (Factor 4).

The Proclamation targets Venezuelan noncitizens who are designated by the government as members of TdA. Petitioners fear retaliatory arrest, prosecution, and removal from the United States under the very Proclamation that they are challenging. Although Respondents know Petitioners' identities, Petitioners fear future retaliation and summary removal under the Proclamation. Petitioners also fear retaliation in the form of physical violence in Venezuela if their identities were to be revealed and if they were to be removed for being erroneously identified as members of TdA under the Proclamation. *Id.* Courts have granted anonymity in similar situations. *See, e.g. Doe v. Att'y Gen., U.S.*, 307 Fed. App'x 636, 636 n.1 (3d Cir. 2009) (permitting noncitizen petitioner to proceed with a pseudonym based on "legitimate concerns about his safety" if removed from the United States).

Moreover, anti-immigrant rhetoric has reached an all-time high, particularly against *suspected* members of TdA and their families. *See, e.g.*, Layla Ferris, *As Trump puts Aurora, Colorado in Spotlight, Mayor Calls Venezuelan Gang Claims "Grossly Exaggerated,"* CBS News (Oct. 11, 2024), https://perma.cc/Q6HS-S9KP ("*misleading* claims by the former president that the city was a 'war zone' overrun with members of a Venezuelan gang" and "concerns about gang activity have been 'grossly exaggerated') (emphasis added); Russell Contreras, *Anti-Immigrant Rhetoric Sparks Fears of More Hate Crimes Against Latinos*, Axios (Mar. 7, 2024), https://perma.cc/59K2-ABR8 (noting "[a]nti-Latino hate crimes hit record highs in 2022" and had "a 21% increase in two years"); Human Rights First, *Extremism Fact Sheet* (March 2023),

4

https://perma.cc/GJY2-D3PX (noting a "growth and normalization of xenophobic and anti-immigrant extremism" and its "wide-ranging impact"). Considering this growing rhetoric, Petitioners reasonably fear retaliation for themselves and for their families from participating in this lawsuit if their identities were revealed. *See Doe v. Smith*, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999) ("courts have allowed plaintiffs to proceed anonymously where disclosure of their identities created a risk of harm from third parties unaffiliated with the case."); *Doe #1 v. Syracuse Univ.*, No. 5:18-CV-0496 (FJS/DEP), 2018 WL 7079489, at *6 (N.D.N.Y. Sept. 10, 2018) ("There is plainly a serious stigma associated with allegations of this nature and, should their identities be made public, plaintiffs could be permanently marked as possessing the character traits attributed to them by [defendants]."). Prior litigation over the Proclamation has resulted in worldwide publicity. Public disclosure of Petitioners' names runs a risk of identifying their family, thus potentially putting those family members at risk.

Finally, "[c]ourts have generally recognized the *in terrorem* effect of inquiring into a party's immigration status when relevant to any material claim" that would "present a danger of intimidation that would inhibit plaintiffs in pursuing their rights." *Topo v. Dhir*, 210 F.R.D. 76, 78 (S.D.N.Y. 2002) (cleaned up); *see also Doe v. CoreCivic, Inc*, No. 20-cv-01828, 2020 WL 3640058, at *2 (S.D. Tex. July 6, 2020) ("important to preventing additional psychological harm and humiliation."). As discussed further below, Petitioners' immigration statuses are merely collateral to their claims challenging the lawfulness of the Proclamation, Petitioners face a real threat to removal from the United States, danger in their home country, or harassment in the United States were they to participate publicly in constitutional litigation of extreme importance. *See* Compl. ¶¶ 19-20.

5

### IV. Respondents Will Not Be Prejudiced, and the Public Interest Weighs in Favor of Allowing Petitioner to Proceed Pseudonymously (Factors 5 and 6).

Granting anonymity will not prejudice Respondents' ability to litigate the case. This case depends primarily on the resolution of purely legal questions about the legality of the Proclamation, and not on Petitioner's credibility. And as explained above, there is no reputational damage to government respondents, and Respondents already know Petitioners' identities. *See CoreCivic*, 2020 WL 3640058, at *2 ("Defendants are already aware of [Plaintiff's] identity"). Accordingly, Respondents will suffer no harm, nor will they face any barriers to mounting a defense to the claims if Petitioner proceeds anonymously.

Moreover, Petitioners have retained their anonymity from the public, which weighs in favor of allowing Petitioner to continue proceeding anonymously. The government thus will suffer no prejudice from Petitioners' anonymity.

In contrast with the Petitioners' heightened interest in confidentiality, the public's interest in knowing their identities is minimal. Although the *issues* in this lawsuit are a matter of significant public concern because they involve governmental entities and actors, the *identity* of the Petitioners will add little to the public understanding of the case that is based purely on questions of law—*i.e.*, the lawfulness of the Proclamation and its implementation by Respondents. *See CoreCivic, Inc*, 2020 WL 3640058, at *2 (finding public interest weighed in favor of anonymity when "most of the pertinent facts [are] made on the public record" and the only non-public aspect "is [plaintiff's] actual identity."). The public will have access to the filings and proceedings in this case. The use of a pseudonym would not hinder the public's right to information about the ultimate legal questions at issue. Thus, the public interest weighs in favor of granting the Petitioner's motion.

6

Finally, the Court should require the government to maintain Petitioners' identities as confidential from the public and prohibit any retaliatory actions – like removal from the United States – against the Petitioners.

## CONCLUSION

Petitioners respectfully request that this Court grant his Motion to permit Petitioners to proceed under a pseudonym. The Court should also require the government to maintain his identity confidential and prohibit any retaliatory actions.

Dated: April 16, 2025                                   Respectfully submitted,

| | |
|---|---|
| | /s/Brian Klosterboer |
| Lee Gelernt* | Brian Klosterboer |
| Daniel Galindo* | Tx Bar No.  24107833 |
| Ashley Gorski* | Thomas Buser-Clancy* |
| Patrick Toomey* | TX Bar No. 24078344 |
| Sidra Mahfooz* | Savannah Kumar* |
| Omar Jadwat* | TX Bar No. 24120098 |
| Hina Shamsi* | Charelle Lett* |
| AMERICAN CIVIL LIBERTIES UNION | TX Bar No. 24138899 |
| FOUNDATION | Ashley Harris* |
| 125 Broad Street, 18th Floor | TX Bar No. 24123238 |
| New York, NY 10004 | Adriana Piñon* |
| T: (212) 549-2660 | TX Bar No. 24089768 |
| F: (212) 519-7871 | ACLU FOUNDATION OF TEXAS, INC. |
| E: lgelernt@aclu.org | 1018 Preston St. |
| E: dgalindo@aclu.org | Houston, TX 77002 |
| E: agorski@aclu.org | (713) 942-8146 |
| E: ptoomey@aclu.org | bklosterboer@aclutx.org |
| E: smahfooz@aclu.org | tbuser-clancy@aclutx.org |
| E: ojadwat@aclu.org | skumar@aclutx.org |
| E: hshamsi@aclu.org | clett@aclutx.org |
| | aharris@aclutx.org |
| Noelle Smith* | apinon@aclutx.org |
| Oscar Sarabia Roman* | |
| My Khanh Ngo* | |
| Cody Wofsy* | |

7

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
F: (212) 519-7871
E: nsmith@aclu.org
E: osarabia@aclu.org
E: mngo@aclu.org
E: cwofsy@aclu.org

Attorneys for Petitioner-Plaintiff
*Pro hac vice applications forthcoming*