IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| A.A.R.P., *et al.*, <br><br> *Petitioners–Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> *Respondents–Defendants*. | Case No. 1:25-cv-0059 |

# MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS-PLAINTIFFS' MOTION FOR LEAVE TO APPEAR WITHOUT LOCAL COUNSEL

Good cause exists to grant Petitioners-Plaintiffs ("Petitioners") request for a waiver from the Local Rule 83.10(a) requirement to obtain local counsel residing in or having their principal office within 50 miles of the courthouse.

First, undersigned counsel on this case, Brian Klosterboer, permanently resides in Texas. He is admitted to practice in the Northern District and has practiced in federal courts throughout Texas, including the U.S. Court of Appeals for the Fifth Circuit. He is readily able and willing to travel to the Northern District for hearings and other appearances if necessary. He is also familiar with the local rules for the Northern District of Texas and is prepared to abide by its rules and procedures, as well as advise his co-counsel how to do the same.

As such, granting the requested relief will comport with the purpose of Local Rule 83.10 that counsel be present and available to argue a party's position at any hearing called by the presiding judge on short notice.

1

Second, Petitioners seek an immediate temporary restraining order to prevent imminent irreparable harm to Petitioners and the proposed class because they are in imminent danger of being removed from the United States, within 24 hours or less notice, and this court could potentially permanently lose jurisdiction. Being required to obtain local counsel within 50 miles of Abilene would unnecessarily delay Petitioners' ability to secure this relief.

Because counsel includes a Texas resident familiar with this Court's rules and practices, and because immediate relief is sought for an ongoing irreparable injury, there is good cause to waive Local Rule 83.10(a)'s 50-mile requirement.

Petitioners are unaware of any prejudice Defendants might endure from the requested relief.

Should at any time the Court believe that Petitioners require local counsel residing within 50 miles of the courthouse, Petitioners will retain suitable local counsel.

## CONCLUSION

For the forgoing reasons, Petitioners respectfully request that the Court enter an order waiving Local Rule 83.10(a)'s local counsel requirement.

Dated: April 16, 2025                    Respectfully submitted,

                                         /s/Brian Klosterboer
                                         Brian Klosterboer
Lee Gelernt*                             Tx Bar No. 24107833
Daniel Galindo*                          Thomas Buser-Clancy*
Ashley Gorski*                           TX Bar No. 24078344
Patrick Toomey*                          Savannah Kumar*
Sidra Mahfooz*                           TX Bar No. 24120098
Omar Jadwat*                             Charelle Lett*
Hina Shamsi*                             TX Bar No. 24138899

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 519-7871
E: lgelernt@aclu.org
E: dgalindo@aclu.org
E: agorski@aclu.org
E: ptoomey@aclu.org
E: smahfooz@aclu.org
E: ojadwat@aclu.org
E: hshamsi@aclu.org

Noelle Smith*
Oscar Sarabia Roman*
My Khanh Ngo*
Cody Wofsy*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
F: (212) 519-7871
E: nsmith@aclu.org
E: osarabia@aclu.org
E: mngo@aclu.org
E: cwofsy@aclu.org

Ashley Harris*
TX Bar No. 24123238
Adriana Piñon*
TX Bar No. 24089768
ACLU FOUNDATION OF TEXAS, INC.
1018 Preston St.
Houston, TX 77002
(713) 942-8146
bklosterboer@aclutx.org
tbuser-clancy@aclutx.org
skumar@aclutx.org
clett@aclutx.org
aharris@aclutx.org
apinon@aclutx.org



Attorneys for Petitioner-Plaintiff
*Pro hac vice applications forthcoming