UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| A.A.R.P., on his own behalf and on behalf of all others similarly situated, et al.,<br><br>    Petitioners-Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>    Respondents-Defendants. | No. 1:25-CV-059-H |

## ORDER

Before the Court is the petitioners' petition for a writ of habeas corpus and complaint for declaratory and injunctive relief (Dkt. No. 1), emergency application for a temporary restraining order (Dkt. No. 2), and motion for class certification and appointment of class counsel (Dkt. No. 3).

Under Federal Rule of Civil Procedure 65(b), the Court may not issue a temporary restraining order unless certain prerequisites are satisfied:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In addition, under Federal Rule of Civil Procedure 65(a), "[t]he court may issue a preliminary injunction only on notice to the adverse party." Rule 65 thus requires notice to a defendant before the issuance of a temporary restraining order unless certain exceptions have been met.

The petitioners' motion for a temporary restraining order is filed on an emergency basis and requests a "temporary restraining order as soon as possible" for the petitioners and the putative class, although it appears that relief is sought within 24 hours. *See* Dkt. No. 2 at 2 ("[Petitioners] and the proposed class are in imminent danger of being removed from the United States—(with 24 hours or less notice) . . . ."). The petitioners seek a temporary restraining order on behalf of themselves—A.A.R.P and W.M.M.—"and the putative class to preserve the status quo." *Id.*

To enable the Court to adequately consider any argument the government has, the petitioners are **ORDERED** to, by no later than **11:30 a.m. CT on April 16, 2025**, either:

(1) File a brief explaining why the petitioners believe an exception has been met to the notice required under Rule 65, if the petitioners wish to proceed without notice to the defendants; or

(2) Provide the Acting United States Attorney for the Northern District of Texas, Chad Meacham, a copy of their habeas petition (Dkt. No. 1), motion for a temporary restraining order (Dkt. No. 2), motion to certify a class (Dkt. No. 3), and this Order. The petitioners must also file, as soon as possible after serving the government, a notice on the docket in this case informing the Court that they have provided these pleadings and documents as ordered.

In *Trump v. J.G.G.*, 604 U.S. ___, 2025 WL 1024097 (2025), the Supreme Court of the United States noted that that "an individual subject to detention and removal under [the Alien Enemies Act] is entitled to judicial review as to questions of interpretation and constitutionality of the Act as well as whether he or she is in fact an alien enemy fourteen years of age or older." 2025 WL 1024097, at *2 (internal quotation marks and citation omitted). The government did not dispute in that litigation that such detainees get judicial review. *Id.* The Supreme Court also held that the "Fifth Amendment entitles aliens to due process of law" in removal proceedings: specifically, that AEA detainees "must receive notice . . . that they are subject to removal under the Act. The notice must be afforded

within a reasonable time and in such a manner as will allow them to actually seek habeas relief in the proper venue before such removal occurs." *Id.*

The government must file its response to the petitioners' motion for a temporary restraining order by no later than **4:00 p.m. CT on April 16, 2025**. The government's brief should address:

(1) Whether the government intends to remove A.A.R.P. and W.M.M. pending the Court's resolution of the petitioners' request for a temporary restraining order;

(2) The government's position on whether a class can be provisionally certified in the context of habeas relief;

(3) Whether the government's view of the requirement in *Trump v. J.G.G.* of "judicial review" includes not removing A.A.R.P. and W.M.M. until their habeas petition is resolved, and, if not, what process will be provided to A.A.R.P. and W.M.M. before removal; and

(4) Any other matters that the government wishes to address in response to the petitioners' motion for a temporary restraining order.

So ordered on April 16, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE