IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| A.A.R.P., *et al.*, on their own behalf and on behalf of all others similarly situated,<br><br>*Petitioners–Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Respondents–Defendants*. | Case No. 1:25-cv-59-H<br><br>**PETITIONERS-PLAINTIFFS' REPLY IN SUPPORT OF EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

**PETITIONERS-PLAINTIFFS' REPLY IN SUPPORT OF EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Since early Tuesday, April 15, Petitioners' counsel have learned of transfers of men accused of Tren de Aragua ("TdA") membership to the Bluebonnet Detention Center in this District from detention centers across the country—including California, Florida, Illinois, Louisiana, Maine, Minnesota, New Mexico, Pennsylvania, Tennessee, and Virginia.

More reports, from more states, have come in even since the filing of the TRO. *See generally* Decl. of Margaret Min. One of these individuals, H.I.D.R., was transferred from the Winn Correctional Facility in Louisiana to Texas and upon landing was taken with approximately 50-55 other people from different detention centers, most of them Venezuelan, to Bluebonnet. When H.I.D.R. arrived at Bluebonnet, an officer stated that everyone in the group would be deported, though he did not indicate to where. Upon information and belief, there are many more, Venezuelan men at Bluebonnet alone at risk of imminent removal under the AEA despite being in ongoing removal proceedings.

Petitioners raise five points in this brief reply:

1

*First*, the government cites nothing to support its assertion that habeas is an inherently individualized remedy and cannot be pursued in a class action. Opp. 12. Here, there are common questions: whether the Proclamation satisfies the AEA's requirement that there be an "invasion or predatory incursion;" that there be a "foreign country or nation" involved;" that there must be the ability to seek protection under the Convention Against Torture; and whether there must be at least 3 days' notice before any individual may be removed under the AEA. If the only question that remains is whether a given individual is, on the facts, a TdA member, at that point, individual habeas actions will be appropriate.

As set forth in an amicus brief on this question filed today in the AEA case in the Southern District of Texas, *every* circuit to address the question has found that a habeas class is appropriate where there are common questions. *See* Br. of Amicus Curiae Class Action and Habeas Professors, *J.A.V. v. Trump*, No. 1:25-cv-72 (S.D. Tex. Apr. 16, 2025), ECF No. 41. As those courts make clear, the class can be certified under Rule 23 or guided by Rule 23, with a class certified under the All Writs Act and principles of habeas equity. *See, e.g.*, *U.S. ex rel. Sero v. Preiser*, 506 F.2d 1115, 1125 (2d Cir. 1974) (habeas class appropriate "based in large measure upon the nature of the [equal protection] claim here"); *see also St. Jules v. Savage*, 512 F.2d 881, 882 (5th Cir. 1975) (holding district court erred in holding that each petitioner's challenge had to be considered individually where inmates "present a single constitutional challenge").

*Second*, the class is properly defined as those who have been, are, or will be subject to the AEA Proclamation—and should not be limited to those notified about removal. To limit the class only to those who are notified about removal would allow the government to circumvent their legal obligations by not providing any meaningful notice to individuals. For instance, while the government states that it does not intend to remove A.A.R.P. or W.M.M. under the AEA "pending

2

the Court's resolution of their request for a TRO" and that neither have been provided a notice, Opp. 12, Respondent conspicuously has not stated said one way or the other whether it has or will designate either as an alien enemy.

*Third*, the Supreme Court has already made clear "'questions of interpretation and constitutionality' of the Act" are reviewable, *Trump v. J.G.G.*, 604 U.S. ---, 2025 WL 1024097, at *2 (Apr. 7, 2025) (citing *Ludecke v. Watkins*, 335 U.S. 160, 163, 172 n. 17, and the government's contention that the Court lacks jurisdiction to review the Proclamation, Opp. 13-14, is squarely wrong in light of that ruling. Indeed, courts regularly review the construction and validity of the AEA. *See, e.g.*, *U.S. ex rel. Jaegeler v. Carusi*, 342 U.S. 347, 348 (1952) (finding statute's "declared war" requirement no longer met and reversing government removal decision); *Citizens Protective League*, 155 F.2d at 295 (interpreting and applying the term "declared war," just like *Ludecke*). Nor does the political question doctrine preclude such determinations. *See J.G.G. v. Trump*, --- F. Supp. 3d ----, 2025 WL 890401, at *10 (D.D.C. Mar. 24, 2025) ("this Court is confident that it can—and therefore must, at the appropriate time—construe the [statutory] terms"); *J.G.G. v. Trump*, No. 25-5067, 2025 WL 914682, at *5-8 (D.C. Cir. Mar. 26, 2025) (Henderson, J., concurring) (rejecting the government's political question argument).

*Fourth*, none of the restrictions from the INA apply to enjoining use of the Alien Enemies Act, which is not part of the INA. The Supreme Court held that the that this challenge is about removals "*under the AEA*." *Trump*, 2025 WL 1024097, at *1. Moreover, Respondents themselves contend that the INA and AEA are distinct mechanisms for effectuating the removal of noncitizens. Opp. 28-29. Respondents cannot simultaneously argue that the INA's jurisdictional bars apply to this challenge, which challenges the government's authority to invoke the AEA—not the INA—to remove noncitizens.

*Fifth*, class members have an urgent need for relief on this claim. The Supreme Court ordered the government to provide notice of AEA removal "within a reasonable time and in such manner as will allow [noncitizens] to actually seek habeas relief in the proper venue before such removal occurs." *Trump v. J.G.G.*, 604 U.S. ---, 2025 WL 1024097, at *2 (2025). Yet at a hearing in the Southern District of Texas on April 11, the government told the Court that it was not ruling out the possibility that AEA removals would resume *with only 24 hours' notice*, which would make it virtually impossible for individuals, especially if unrepresented, to see review. TRO Hearing, *J.A.V. v. Trump*, No. 25-cv-00072 (S.D. Tex. Apr. 11, 2025). The government has now submitted a declaration in this case that does not disavow the possibility that notice will be only 24 hours. Elliston Decl. at ¶ 8. It merely asserts that the notice would provide a "reasonable" time to file a habeas petition and did not say why, having settled on a procedure, the government is keeping critical elements of the procedure secret, much less what the government believes is "reasonable" notice. The government has provided no further information to Plaintiffs' counsel, nor has it said whether it will do anything to facilitate class members' ability to seek relief, such as notifying a person's attorney (if they are represented) or providing prompt phone access.

Acknowledging this danger, every other court to consider a comparable motion for district-wide TROs has granted it to preserve the courts' jurisdiction while briefing on an expedited preliminary injunction motion occurs. *See G.F.F. v. Trump*, No. 25-cv-2886 (S.D.N.Y. Apr. 11, 2025), ECF No. 35; *J.A.V. v. Trump*, No. 25-cv-72 (S.D. Tex Apr. 11, 2025), ECF No. 34; *D.B.U. v. Trump*, No. 25-cv-1163-CNS (D. Co. Apr. 14, 2025), ECF No. 14; *A.S.R. v. Trump*, No. 25-cv-113-SLH (W.D. Pa. Apr. 15, 2025), ECF No. 8.

The government thus appears poised to take action that is inconsistent with the Supreme Court's order, and to resume what are effectively summary removals for most class members.

Indeed, immigration attorneys have recently reported that, this week, a large number of detained clients have been moved by DHS to Texas without explanation. The need for notice relief is therefore extremely urgent. That is particularly so given the well-documented mistakes that have occurred and the government's position that once someone is sent to the notorious Salvadoran prison, even if by mistake, there is no remedy.

The Court should order the government to provide basic procedures to ensure that class members can "actually seek habeas relief" as the Supreme Court required. At a minimum, this should include at least 30 days' notice prior to removal, notice to class counsel and a person's immigration attorney if they have one, full access to phone calls to communicate with family and counsel, and a notice translated into Spanish. Indeed, during World War II, the last time the AEA was invoked, alien enemies who were "deemed to be dangerous to the public peace and safety" were given 30 days' notice before they could be removed. *See* 10 Fed. Reg. 12,189 (Sept. 28, 1945).

Dated: April 16, 2025

Respectfully submitted,

/s/Brian Klosterboer
Brian Klosterboer
Tx Bar No. 24107833
Thomas Buser-Clancy
TX Bar No. 24078344
Savannah Kumar*
TX Bar No. 24120098
Charelle Lett
TX Bar No. 24138899
Ashley Harris
TX Bar No. 24123238
Adriana Piñon*
TX Bar No. 24089768
ACLU FOUNDATION OF TEXAS, INC.
1018 Preston St.

Lee Gelernt*
Daniel Galindo*
Ashley Gorski*
Patrick Toomey*
Sidra Mahfooz*
Omar Jadwat*
Hina Shamsi*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
E: lgelernt@aclu.org
E: dgalindo@aclu.org

5

E: agorski@aclu.org
E: ptoomey@aclu.org
E: smahfooz@aclu.org
E: ojadwat@aclu.org
E: hshamsi@aclu.org

Noelle Smith*
Oscar Sarabia Roman*
My Khanh Ngo*
Cody Wofsy*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
E: nsmith@aclu.org
E: osarabia@aclu.org
E: mngo@aclu.org
E: cwofsy@aclu.org

Houston, TX 77002
(713) 942-8146
bklosterboer@aclutx.org
tbuser-clancy@aclutx.org
skumar@aclutx.org
clett@aclutx.org
aharris@aclutx.org
apinon@aclutx.org


Attorneys for Petitioners-Plaintiffs
*Pro hac vice applications forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2025, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system which sends notice of electronic filing to all counsel of record.

Dated: April 16, 2025

/s/ Brian Kosterboer
Brian Klosterboer
ACLU FOUNDATION OF TEXAS, INC.
1018 Preston St.
Houston, TX 77002
(713) 942-8146
Bklosterboer@aclutx.org

*Attorney for Petitioners-Plaintiffs*