UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| A.A.R.P., on his own behalf and on behalf of all others similarly situated, et al.,<br><br>    Petitioners-Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>    Respondents-Defendants. | No. 1:25-CV-059-H |

# **ORDER**

Before the Court is the petitioners' emergency motion for an immediate status conference (Dkt. No. 34). The petitioners seek an emergency status conference in light of new evidence and declarations laid out in the motion. *See generally id.* The motion is denied.

The petitioners filed this motion at 12:48:55 p.m. today, April 18, 2025. *See id.* The petitioners demanded that the Court grant the second temporary restraining order or "hold a status conference to obtain the government's position as to" that motion, and whether the government is imminently removing the proposed class. *Id.* at 2. Approximately 133 minutes after the plaintiffs filed their motion for an emergency status conference (Dkt. No. 34) and approximately 90 minutes after the party-imposed deadline, the petitioners filed a notice of appeal, informing the Court that they appealed the Court's order denying the first motion for a temporary restraining order (Dkt. No. 2), as well as the "constructive" denials of the petitioners' motions for class certification (Dkt. Nos. 3; 39) and second emergency motion for a temporary restraining order (Dkt. No. 30). Because the filing of a notice of

appeal divests a district court of jurisdiction over those matters, a status conference is unnecessary because the Court cannot act on the motions at issue. The Court therefore denies the motion for an emergency status conference (Dkt. No. 34).

Petitioners A.A.R.P. and W.M.M. filed their habeas petition and first motion for an emergency, ex parte temporary restraining order on April 16, 2025. Dkt. Nos. 1; 2. That same day, and while the Court was conducting a criminal jury trial, the Court entered an order directing A.A.R.P. and W.M.M. to either give notice to the Acting United States Attorney for the Northern District of Texas or file a brief explaining why the exceptions to notice under Federal Rule of Civil Procedure 65 have been met. Dkt. No. 8. The petitioners on that same day provided notice to the Acting United States Attorney Chad Meacham. Dkt. No. 11. The government had until 4 p.m. CT on April 16, 2025, to respond to the first motion for a temporary restraining order (Dkt. No. 2). The government filed its response (Dkt. No. 19), and A.A.R.P. and W.M.M. filed a reply shortly thereafter (Dkt. No. 22). The following afternoon, the Court entered an order denying the motion for a temporary restraining order and explaining that it would decide in due course the petitioners' motion for class certification (Dkt. Nos. 3; 39). Dkt. No. 27. The evening of April 17, 2025, an attorney for A.A.R.P. and W.M.M. contacted the Court, seeking to speak with the Court and discussing the substance of the proceedings in a voicemail. In response, the Court entered an order late that night informing the parties that if they wanted to seek emergency relief, that they must so file on the docket. Dkt. No. 29. The Court further instructed in that order that a party opposing any temporary relief would have 24 hours to respond. *Id.*

At 12:34 a.m. CT on April 18, 2025, the petitioners A.A.R.P. and W.M.M. filed a second motion for an emergency temporary restraining order in light of further evidence and declarations attached to the motion. Dkt. No. 30. The Court took the motion under advisement and was actively working on the motion. Pursuant to the Court's previous order (Dkt. No. 29), the government has until 12:34 a.m. CT on April 19, 2025, to respond. A.A.R.P. and W.M.M. asserted in their second emergency motion for a temporary restraining order (Dkt. No. 30) and their motion for an emergency status conference (Dkt. No. 34) that the 24-hour response period was too long because the respondents are going to remove from the United States members of the putative class. The Court did not order the government to file an earlier motion because it believed that 24 hours was an appropriate time for the government to respond and in light of the government's prior representations. These motions raise a series of complicated questions about habeas law, constitutional law, federal courts, and federal jurisdiction. The Court could not in good faith require the respondents to respond in any time less than 24 hours, especially since the petitioners filed the motion after midnight and today is Good Friday, an important day of observation for many. The Court was acting with utmost speed to resolve these motions in a timely manner, but matters of such importance and complexity for all involved required some level of care. And some level of care takes time.

Because the Court had not yet acted on the second emergency motion (Dkt. No. 34)—between the hours of 12:34 a.m. CT and 12:48:55 p.m. CT today—A.A.R.P. and W.M.M. filed this motion for an immediate status conference (Dkt. No. 34). If the Court did not act by 1:30 p.m. CT—less than 45 minutes after the filing of the motion for a status conference (Dkt. No. 34)—by granting the emergency relief requested (Dkt. No. 30) or

holding a status conference, A.A.R.P. and W.M.M. informed the Court that they intended to seek emergency relief from the Fifth Circuit.

That party-imposed, approximately 42-minute deadline has now passed. Approximately 90 minutes after the deadline, at 3:02 p.m. CT, the petitioners filed a notice of appeal, informing the Court that it was appealing the Court's denial of the first motion for an emergency restraining order (Dkt. No. 2) and the "constructive" denials of the amended motion for class certification (Dkt. Nos. 3; 39)[1] and second motion for a temporary restraining order (Dkt. No. 30). Dkt. No. 36.

The Court was aware of the pending motions and was working with utmost diligence to resolve these important and complicated issues as quickly as possible. The Court was prepared to issue an order resolving the second emergency motion (Dkt. No. 34) as soon as practicable after the government filed its response shortly after midnight, if not sooner, and planned to issue such order by no later than 12 p.m. CT tomorrow, Saturday, April 19, 2025.

When a party files a notice of appeal of an interlocutory order, the district court is divested of jurisdiction on any matter that is the subject of the appeal. *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007). Because the Court can thus no longer rule on the second emergency motion (Dkt. No. 30) or the motion for class certification (Dkt. Nos. 3; 39), the Court sees no purpose in holding an emergency status conference at this time.

---

[1] The Court notes for the record that the petitioners moved for leave to file an amended motion for class certification with their motion for leave to file an amended complaint. The Court signed an order granting those motions, but they were not docketed until after the petitioners filed their notice of appeal.

The Court was preparing to issue an order regarding the motion for an emergency status conference but was unable to do so in this 133-minute timeframe, as multiple members of the Court's chambers are out of the office, and it is a day of religious importance to many. But regardless of the practicalities, the Court did not find a status conference to be necessary at this juncture. The Court is aware of the allegations, declarations, and evidence in the petitioners' pleadings and motions before the Court and acknowledges the important and time-sensitive nature of this case. But again, the Court cannot shirk its responsibility to decide careful and complicated issues of law without at least some opportunity to review the pleadings and attachments and to get thoughtful responses from the parties.

The Court thus denies the motion for an emergency status conference (Dkt. No. 34). Further, and in light of the notice of appeal (Dkt. No. 36), the Court vacates its scheduling order regarding the motion for class certification (Dkt. No. 31), as reiterated in its subsequent order (Dkt. No. 37). The Court further orders that its previous order directing the parties to file responses to emergency motions within 24 hours (Dkt. No. 29) no longer applies to the government as to the second motion for an emergency temporary restraining order (Dkt. No. 30).

So ordered on April 18, 2025.

*[signature]*
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE