# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
April 18, 2025
Lyle W. Cayce
Clerk

No. 25-10534

_____

A.A.R.P., *on their own behalf and on behalf of others similarly situated*;
W.M.M., *on their own behalf and on behalf of others similarly situated*;
F.G.M., *on their own behalf and on behalf of others similarly situated*,

*Petitioners—Appellants*,

*versus*

Donald J. Trump, *in his official capacity as President of the United States*; Pamela Bondi, *Attorney General of the United States, in her official capacity*; Kristi Noem, *Secretary of the United States Department of Homeland Security, in her official capacity*; United States Department of Homeland Security; Todd Lyons, *Acting Director of the Director of United States Immigration and Customs Enforcement, in his official capacity*; United States Immigration and Customs Enforcement; Marco Rubio, *Secretary of State, in his official capacity*; United States State Department; Josh Johnson, *in his official capacity as acting Dallas Field Office Director for United States Immigration and Customs Enforcement*; Marcello Villegas, *in his official capacity as the Facility Administrator of* the Bluebonnet Detention Center; Phillip Valdez, *in his official capacity as Facility Administrator of* the Eden Detention Center; Jimmy Johnson, *in his/her official capacity as Facility Administrator of* the Prairieland Detention Center; Judith Bennett, *in her official capacity as Warden of the Rolling Plains Detention Center*,

*Respondents—Appellees.*

No. 25-10534

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:25-CV-59

---

UNPUBLISHED ORDER

Before Ho, Wilson, and Ramirez, *Circuit Judges*.

Per Curiam:

Petitioners' opposed motion for a temporary administrative stay and an injunction pending appeal is DENIED as premature.

"A court of appeals sits as a court of review, not of first view." *Zaragoza v. Union Pacific Railroad Company*, 112 F.4th 313, 322 (5th Cir. 2024) (cleaned up). That principle dictates our ruling today.

Just yesterday, the district court entered an order indicating that "[t]he government states that authorities will not remove the petitioners during this litigation, and it will alert the Court if that changes." If Petitioners are concerned that Respondents' position has changed, they should have litigated these concerns before the district court in the first instance. We do not doubt the diligence and ability of the respected district judge in this case to act expeditiously when circumstances warrant. Petitioners insist that they tried to proceed before the district court in the first instance, and that the district court simply "refus[ed] to act." But the district court's order today indicates that Petitioners gave the court only 42 minutes to act—and did not give Respondents an opportunity to respond.

The appeal is DISMISSED for lack of subject matter jurisdiction under 28 U.S.C. § 1291(a)(1), for substantially the reasons stated in Judge Ramirez's concurrence.

Irma Carrillo Ramirez, *Circuit Judge*, concurring:

This court has jurisdiction to review interlocutory orders, including interlocutory orders that refuse or dissolve injunctions, 28 U.S.C. § 1292(a)(1), as well as orders that do not expressly refuse an injunction but have the "practical effect of doing so," *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981) (citing *Gen. Elec. Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 433 (1932)). A litigant appealing an effective denial of an injunction must "show that [the order or inaction] might have a serious, perhaps irreparable, consequence." *Carson*, 450 U.S. at 84. *Id.* (internal quotation marks omitted). To be sufficiently serious, the consequences must be "greater than the harm suffered by any litigant forced to wait until the termination of the [proceedings] before challenging interlocutory orders it considers erroneous." *Sherri A.D. v. Kirby*, 975 F.2d 193, 204 n.15 (5th Cir. 1992) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 378–79 n.13 (1981)). Petitioners have identified sufficiently serious consequences— removal of individuals detained under the Alien Enemies Act to a foreign country without "notice . . . within a reasonable time and in such a manner as will allow them to actually seek habeas relief in the proper venue before such removal occurs." *See Trump v. J.G.G.*, 604 U.S. \_\_, 2025 WL 1024097, at *2 (Apr. 7, 2025).

Nevertheless, "what counts as an effective denial is contextual— different cases require rulings on different timetables." *In re Fort Worth Chamber of Commerce*, 100 F.4th 528, 535 (5th Cir. 2024). "District courts have wide discretion in managing their docket, and they do not necessarily deny a motion by failing to rule on a parties' requested timeline." *Id.* Here, the petitioners filed a motion for a temporary restraining order just after midnight on April 18, 2025. Around noon the next day, they filed a motion seeking a status conference and informing the district court that they would construe its failure to act within 42 minutes as a constructive denial of their

motion. The ensuing appeal, after the district court failed to meet this unreasonable deadline, divested the district court of jurisdiction. It was therefore unable to complete its review of the filings, after affording the government an opportunity to respond, and issue rulings by noon on April 19, 2025, as it had planned. Although the declarations fully reflect the need for urgency, we cannot find an effective denial of injunctive relief based on the district court's failure to issue the requested ruling within 42 minutes. The appeal is dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 1291(a)(1).