UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| W.M.M., on his own behalf and on behalf of all others similarly situated, et al.,<br><br>    Petitioners-Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>    Respondents-Defendants. | No. 1:25-CV-059-H |

### ORDER

Before the Court is the petitioners' amended motion for class certification and appointment of class counsel. Dkt. No. 39. The Court originally entered an expedited scheduling order regarding the motion for class certification and appointment of class counsel, Dkt. No. 31, but the Court vacated that order after the petitioners filed a notice of appeal to the Fifth Circuit, *see* Dkt. Nos. 36; 41 at 5. The Fifth Circuit has since dismissed that appeal as premature and for lack of jurisdiction. Dkt. No. 43. Given the urgency of the issue and the Court's commitment to review efficiently the matters before it should this case remain before the Court, the Court orders the government to respond to the amended motion for class certification (Dkt. No. 39) by 5:00 p.m. CT on Friday, April 25, 2025.

The Court recognizes that the petitioners have sought various forms of relief before the Supreme Court of the United States: an emergency injunction or writ of mandamus, a stay of removal, and a request for an immediate administrative injunction. *See* Application for Injunction, No. 24A1007 (Apr. 18, 2025). The Supreme Court entered an order on that application, stating that "[t]he Government is directed not to remove any member of the

putative class of detainees from the United States until further order of this Court." Order in Pending Case, *A.A.R.P. v. Trump*, No. 24A1007 (U.S. Apr. 19, 2025). In the petitioners' reply brief before the Supreme Court, they ask the Supreme Court to construe their application as a petition for a writ of certiorari. Reply Brief, *A.A.R.P. v. Trump*, No. 24A1007, at 4, 15 (U.S. Apr. 21, 2025).

While a notice of appeal to a circuit automatically divests a district court of jurisdiction over those matters involved in the interlocutory appeal, *see Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007), a petition for a writ of certiorari does not have such immediate effect. *See U.S. ex rel. Escobar v. Universal Health Servs., Inc.*, 842 F.3d 103, 106 n.1 (1st Cir. 2016) ("[T]he mere act of filing a petition for certiorari does not deprive the district court of jurisdiction over the case.") (citing *United States v. Sears*, 411 F.3d 1240, 1241–42 (11th Cir. 2005)); *cf.* Fed. R. App. P. 41(d)(1) ("A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court."); *Ellis v. U.S. Dist. Ct. for W. Dist. Of Wash. (Tacoma)*, 360 F.3d 1022, 1023 (9th Cir. 2004) ("The district court does not lose jurisdiction over a case merely because a litigant files an interlocutory petition for an extraordinary writ.") (citing *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995)).

Accordingly, the Court orders the government to respond to the petitioners' amended motion for certification of a class and appointment of class counsel (Dkt. No. 39) by no later than 5:00 p.m. CT on Friday, April 25, 2025. To the extent possible, the government should explain in its response the notice and the notice process as it applied to petitioner F.G.M. The petitioners may file a reply brief by no later than 5:00 p.m. CT on Tuesday, April 29, 2025. This Order shall be vacated automatically if, before either

– 3 –

deadline in this Order expires, the Supreme Court grants the petitioners' request to treat their application as a petition for a writ of certiorari and grants certiorari.

    So ordered on April 21, 2025.

                                              JAMES WESLEY HENDRIX
                                              UNITED STATES DISTRICT JUDGE