UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| W.M.M., on his own behalf and on behalf of all others similarly situated, et al.,<br><br>    Petitioners-Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>    Respondents-Defendants. | No. 1:25-CV-059-H |

## ORDER

As the Court has mentioned, *see* Dkt. No. 41 at 2, it received an ex parte communication from an attorney representing the petitioners on the evening of April 17, 2025. Consistent with the Code of Conduct for Federal Judges and relevant case law regarding ex parte communications, the Court enters this Order to provide all parties with the contents of the ex parte communication that the Court received. Should any of the parties believe that a response is necessary, they may move for leave to respond. *See* Code of Conduct for Federal Judges, Canon 3(A)(4).

As a general rule, substantive ex parte communications with the Court are prohibited. *Fed. Trade Comm'n v. Namer*, No. 06-305828, 2007 WL 2974059 (5th Cir. Oct. 12, 2007) ("The rules governing judicial ethics prohibit judges from engaging in substantive *ex parte* communications concerning pending matters."). "[E]x parte communications may be fraught with peril, and . . . judges must take great care with respect to ex parte communications even in the most exigent of circumstances." *Kaufman v. Am. Fam. Mut. Ins.*, 601 F.3d 1088, 1095 (10th Cir. 2010) (quoting *J.B. v. Washington Co.*, 127 F.3d 919,

925–26 (10th Cir. 1997)). The Code of Conduct for United States Judges explains that judges should not permit or consider ex parte communications "or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers." Code of Conduct for United States Judges, Canon 3(A)(4). Even when circumstances may require such communications, the Canon limits such communications to situations where "the ex parte communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication." Code of Conduct for United States Judges, Canon 3(A)(4)(b).

The ex parte communication from attorney Lee Gelernt, counsel for the petitioners, does not meet this narrow exception. The voicemail addresses substantive matters, with Mr. Gelernt informing the Court that his "clients at the Bluebonnet Detention Center are being given orders to sign, Alien Enemy orders, and told they may be removed as soon as tonight or first thing in the morning" and that "[t]his is related to the Alien Enemies Act." *See* attachment. Mr. Gelernt further stated that "[i]t appears that [his clients] are being asked to—to be—to sign papers for their immediate removal." *Id.* Mr. Gelernt also asked "to talk to the Judge immediately" or "have the Judge issue an order to have [his clients] not removed." *Id.* These communications go directly to the substance of the petitioners' first motion for a temporary restraining order (Dkt. No. 2) and the subsequent motion for the same relief (Dkt. No. 30). In discussing substantive matters, seeking to talk to the Court immediately, and alternatively seeking to have the Judge issue such an order, the Court believes that Mr. Gelernt could have gained a substantive advantage in the proceedings by obtaining a temporary restraining order and a procedural and tactical advantage by making

the request off the record, ex parte, and in the evening. Mr. Gelernt left this voicemail even though the Court earlier ordered the petitioners to explain why they should not be required to provide notice to the Court based on the exception laid out in Federal Rule of Civil Procedure 65(b) or otherwise provide notice to the government. Dkt. No. 8 at 1–2. The petitioners did not file a supplemental brief explaining why the Rule 65(b) exception applied and instead provided notice to Acting United States Attorney for the Northern District of Texas Chad Meacham. Dkt. No. 11. The Court thus notes that the petitioners had not established prior to the voicemail any reason to believe that ex parte communications of any kind were appropriate.

In light of the rules governing ex parte communications and the substance of the voicemail, the Court notes for the record that it will not permit or consider the voicemail. *See* Code of Conduct for Federal Judges, Canon 3(A)(4). The Code of Conduct for Federal Judges further instructs judges that "[i]f a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested." *Id.*; *see also Rushen v. Spain*, 464 U.S. 114, 119 (1983) ("When an ex parte communication relates to some aspect of the trial, the trial judge generally should disclose the communication to counsel for all parties."). The Court therefore enters this Order notifying the government of the contents of this voicemail. The Court did not return Mr. Gelernt's phone call and did not otherwise have any ex parte communications with the petitioners or their counsel. Attached to this Order is a transcript of the voicemail. *See* Attachment. Should any of the parties believe that a response is necessary, they may move for leave to respond.

So ordered on April 21, 2025.

 JAMES WESLEY HENDRIX
 UNITED STATES DISTRICT JUDGE

– 4 –