UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| W.M.M., on his own behalf and on behalf of all others similarly situated, et al., <br><br> Petitioners-Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Respondents-Defendants. | No. 1:25-CV-059-H |

# ORDER

Before the Court are the petitioners' amended motion to certify a class and appoint class counsel (Dkt. No. 39) and the respondents' opposition to class certification (Dkt. No. 49). These filings, the amended petition for a writ of habeas corpus (Dkt. No. 38), and the declarations presented to the Court (Dkt. Nos. 30-1; 49-1) create a factual issue that the Court must address before resolving the motion for class certification. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612–13 (1997); *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 769 (5th Cir. 2020). Specifically, the parties dispute whether F.G.M. is detained and facing potential removal from the United States pursuant to the Alien Enemies Act. Thus, after consulting with the parties to ensure availability, the Court calls an evidentiary hearing to resolve this factual dispute at 3:00 p.m. CT on Thursday, May 1, 2025, at the United States District Court, 1205 Texas Ave., Room C-216, Lubbock, Texas, 79401.

The amended petition asserts that "F.G.M. said that ICE accused him of being a member of TdA and provided documentation labeling him as such, and as an alien enemy." Dkt. No. 38 at 7. The petitioners have also provided a declaration from Karene Brown

declaring that "F.G.M. said that ICE accused him of being [a] Tren de Aragua gang member as well as provided documentation labeling him as such" and that the notice provided to F.G.M. classified him as an alien enemy over 14 years old and subject to deportation. Dkt. No. 30-1. But in the response to the petitioners' amended motion to certify a class and appoint class counsel (Dkt. No. 39), the respondents state that none of the petitioners have been served with AEA notices and provide a declaration of Yousuf Khan to that same effect. Dkt. Nos. 49 at 8; 49-1. In contrast to the petitioners' assertions, the respondents represent that F.G.M.'s "detention and removability is not implicated by the Proclamation challenged here" and that "the named Petitioners are all currently detained for removal proceedings consistent with the INA under processes and procedures that are not at issue in this case." Dkt. No. 49 at 8.

These divergent representations, the amended petition, the amended motion for class certification, and the declarations create a factual dispute that the Court must resolve before ruling on the amended motion for class certification. *See Amchem Prods., Inc.*, 521 U.S. at 612–13; *Flecha*, 946 F.3d at 769. After consultation with the parties to confirm availability, the Court orders an evidentiary hearing to take place at 3:00 p.m. CT on Thursday, May 1, 2025. The hearing will take place at the United States District Court, 1205 Texas Ave., Room C-216, Lubbock, Texas, 79401.

The Court further orders that the respondents bring the declarant Yousuf Khan or another person who is competent to testify about the issues discussed in his declaration. Counsel for the respondents should be prepared to answer any questions that the Court has regarding F.G.M.'s alleged AEA notification and whether AEA notice is or may be imminent for the named petitioners. If counsel or Yousuf Khan will not be prepared to

– 3 –

answer these questions, counsel for the respondents may bring additional witnesses to testify as to these matters. F.G.M. remains in custody at the Bluebonnet Detention Center. Respondents, as his custodians, are responsible for ensuring his presence at the hearing. The petitioners may also call additional witnesses, if they desire, on this limited factual dispute or on the imminency of the named petitioners' AEA notices, if any.

So ordered on April 28, 2025.

*[signature]*

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE