IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

W.M.M., *et al.*, on their own behalf and on behalf of all others similarly situated,

*Petitioners–Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

*Respondents–Defendants*.

Case No. 1:25-cv-00059-H

**DECLARATION OF DANIEL GALINDO**

1. I am a senior staff attorney at the ACLU's Immigrants' Rights Project, where I have worked since 2018, and am counsel in this case. I am over the age of 21 and competent to make this declaration.

2. On the afternoon of April 17, 2025, this Court denied Petitioners' request for a Temporary Restraining Order ("TRO"), on the ground that neither the named Petitioners nor the putative class members were at imminent risk of removal. *See* ECF No. 27 at 9 ("[T]he Supreme Court's opinion in *J.G.G.*, along with the government's general representations about the procedures necessary in these cases, strongly suggest that the putative class is also not facing such an imminent threat as the petitioners allege.").

3. In light of the government's representations that formed the basis of the Court's order, at 4:49 PM Central Time Petitioners' counsel emailed counsel for the government seeking to clarify "whether the government's representation to the Court with respect to [non-removal of] the named plaintiffs, A.A.R.P. and W.M.M., applies to the other proposed class members detained in N.D. Tex.," and whether the government did "not presently expect to remove any proposed class

members under the Alien Enemies Act until after the pending habeas class petition is resolved." Petitioners' counsel requested a response by 6:30 PM Central Time and informed the government that absent a response by then, they planned to "contact the Court." Exh. A.

4.  At approximately 7:09 PM Central Time, Counsel for Petitioners received first an e-mail, then later a call, from an immigration attorney representing a Venezuelan man at the Bluebonnet detention facility stating that her client and other Venezuelan men at Bluebonnet had received Notices designating them under the Alien Enemies Act ("AEA"). The attorney also stated that ICE officers were telling the men that they would be removed that night or the next day. Brown Declaration, ECF No. 30-1. Petitioners' counsel worked to learn further details quickly.

5.  At 7:23 PM Central Time, having received no response to their e-mail from 4:49 PM, Petitioners' counsel again wrote to counsel for the government. Petitioners' counsel explained that they had heard "from [their] clients that they are being asked to sign Alien Enemies Act notices," but that the "notice does not say when the removal will occur and it [is] only being provided in English, but guards are telling the men that they could be removed tonight or tomorrow morning." *Id.* Petitioners' counsel again requested a response and informed the government that they intended "to contact the judge immediately." *Id.*

6.  Having received no response to this second email, Petitioners' counsel left the voicemail discussed in the Court's Order (ECF No. 47) at approximately 7:34 PM Central Time, roughly 2.5 hours after first contacting counsel for the government. The voicemail notification to the Court tracks the substance of what Petitioners had informed counsel in the previous two emails (Exh. A), in which they also notified the government of their intent to contact the Court.

7.  Shortly thereafter, at 7:36 PM Central Time, government counsel wrote to Petitioners' counsel saying that they had "contacted the appropriate officials to obtain the

government's response." Government counsel subsequently sent two additional emails, at 8:11 PM Central Time and 8:41 PM Central Time, stating that the two named petitioners were not being removed, but expressly declining to provide any information about the putative class members. *See* Exh. A.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 28, 2025, in New York, New York.


__/s/ Daniel Galindo_____

Daniel Galindo