# Exhibit A

# Cisneros Declaration

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| J.A.V., et al., <br><br> *Petitioner.* <br><br><br> v. <br><br><br><br> DONALD J. TRUMP, et al., <br><br> *Respondents.* | Civil Action No. 1:25-cv-072 |

## DECLARATION OF ASSISTANT FIELD OFFICE DIRECTOR

Pursuant to the authority of 28 U.S.C. § 1746, I, Carlos D. Cisneros, an Assistant Field Office Director for U.S. Department of Homeland Security (DHS), United States Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), Harlingen, Texas (TX) declare as follows:

1.      I am an Assistant Field Office Director ("AFOD") for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE ERO Harlingen"). I began my employment with ICE (Legacy Immigration and Naturalization Service) on January 18, 2000, and I have been serving as the AFOD for ICE ERO Harlingen since August 28, 2022.

2.      In my role as AFOD, I oversee ERO enforcement operations for the Harlingen Office. As an AFOD, I am responsible for the supervision of deportation officers managing detained cases in Harlingen, Texas. I am also responsible for overseeing the safety, security and care of individuals in my custody.

3.      While preparing this declaration, I have examined the official records available to me regarding the Alien Enemies Act (AEA) notice procedure. I submit this declaration to outline

the notice procedure and to inform the court about why a description of the procedure should be kept under seal.

## A.    The Notice

4.    Attached as an exhibit to this declaration is a copy of Form AEA-21B, which ICE officers serve on aliens whom the Agency intends to detain or remove pursuant to the AEA. Each alien is served individually, and the Form AEA-21B is read and explained to each alien in a language that alien understands.

5.    Consistent with a Notice to Appear in Title 8 proceedings, the Form AEA-21B is written in the English language. However, it is read and explained to each alien in a language that alien understands.  ICE officers are accustomed to working with aliens who do not understand English.

6.    Through an ICE-wide contract with a language assistance vendor (i.e. language lines), ICE uses professional oral interpretation and translation services that cover more than 200 languages, including rare and Indigenous languages. Enforcement and Removal Operations (ERO) serves as the Contracting Officer Representative for this ICE-wide language services contract. Centralizing oversight over the contract allows better coordination with the vendor and the establishment of processes for obtaining regular reports. Additionally, many ERO staff have sufficient proficiency in one or more languages other than English and communicate with limited English proficiency (LEP) persons in their primary language when appropriate.

7.    Pursuant to ICE detention standards, oral interpretation or assistance is provided to any detained alien who is illiterate or who speaks another language in which written material has not been translated.

8.    The various ICE Detention Standards under which detention facilities operate require that information be provided to LEP persons in a language or manner they can understand throughout the detention process to provide them with meaningful access to programs and services. This may be accomplished through use of bilingual staff or professional interpretation and translation services. Depending on the type of facility and contract specifications, the contractor may have and use their own dedicated language line.

## B.    Habeas Components to the Process

9.    The alien is served individually with a copy of the Notice, Form AEA 21-B, the notice is read to the alien in a language that he or she understands.

10.    As part of the notice procedure, the alien is informed that he or she can make a telephone call to whomever he or she desires, including legal representatives. ICE ensures that telephones are made available for the aliens and that the aliens have access to the telephone lines.

11.    Although there may be fact-specific exceptional cases, in a general case, after an alien is served with Form AEA 21-B, the alien is given a reasonable amount of time, and no less than 12 hours, including the ability to make a telephone call, to indicate or express an intent to file a habeas petition. If the alien does not express any such intention, then ICE may proceed with the removal, though such removal may not actually occur for many more hours or days, giving the alien additional time to express an intent. If the alien does express an intent to file a habeas petition, the alien is given a reasonable amount of time, and no less than 24 hours, to actually file that petition. If the alien does not file such a petition within 24 hours, then ICE may proceed with the removal, though such removal may not actually occur for many more hours or days, giving the alien additional time to file the petition. Further, because aliens subject to the AEA are often detained for several days before removal, they frequently have much more time to express an intent to file a habeas petition or to actually file such a petition. Moreover, these timeframes are consistent with, if not more generous than, the timeframes used for expedited removal procedures under Title 8.

12.    In nearly every case in which an alien files a habeas petition based on detention related to the AEA, the alien also seeks a Temporary Restraining Order (TRO).  The TRO request is typically adjudicated quickly, sometimes within hours of being filed. Although there may be fact-specific exceptional cases, in a general case, ICE will not remove under the AEA an alien who has filed a habeas petition while that petition is pending. However, ICE may reconsider that position in cases where a TRO has been denied and the habeas proceedings have not concluded within a reasonable time.

C.    **Justification for Sealing the Description of the Notice Procedure**

13.    The internal notice procedure outlined in this declaration should be filed and remain under seal because this process is law enforcement sensitive. In this circumstance, revealing our notice procedure would disclose to the public guidelines that are integral to conducting law enforcement investigations and could risk circumvention of the law.

Signed this _____ day of April 2025.

CARLOS D
CISNEROS JR

Digitally signed by
CARLOS D CISNEROS
JR
Date: 2025.04.23
13:59:11 -05'00'

Carlos D. Cisneros
Assistant Field Office Director
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement

### NOTICE AND WARRANT OF APPREHENSION AND REMOVAL
### UNDER THE ALIEN ENEMIES ACT

A-File No:_____   Date:_____

In the Matter of: _____

Date of Birth: _____   Sex:   Male   Female

**Warrant of Apprehension and Removal**

**To any authorized law enforcement officer:**

The President has found that Tren de Aragua is perpetrating, attempting, or threatening an invasion or predatory incursion against the territory of the United States, and that Tren de Aragua members are thus Alien Enemies removable under Title 50, United States Code, Section 21.

_____ has been determined to be: (1) at least fourteen years of
       (Full Name of Alien Enemy)
age; (2) not a citizen or lawful permanent resident of the United States; (3) a citizen of Venezuela; and (4) a member of Tren de Aragua. Accordingly, he or she has been determined to be an Alien Enemy and, under Title 50, United States Code, Section 21, he or she shall be apprehended, restrained, and removed from the United States pursuant to this Warrant of Apprehension and Removal.

**Signature of Supervisory Officer:** _____

**Title of Officer:** _____   **Date:** _____

**Notice to Alien Enemy**

I am a law enforcement officer authorized to apprehend, restrain, and remove Alien Enemies. You have been determined to be at least fourteen years of age; not a citizen or lawful permanent resident of the United States; a citizen of Venezuela; and a member of Tren de Aragua. Accordingly, under the Alien Enemies Act, you have been determined to be an Alien Enemy subject to apprehension, restraint, and removal from the United States. Until you are removed from the United States, you will be detained under Title 50, United States Code, Section 21. Any statement you make now or while you are in custody may be used against you in any administrative or criminal proceeding. This is not a removal under the Immigration and Nationality Act. If you desire to make a phone call, you will be permitted to do so.

After being removed from the United States, you must request and obtain permission from the Secretary of Homeland Security to enter or attempt to enter the United States at any time. Should you enter or attempt to enter the United States without receiving such permission, you will be subject to immediate removal and may be subject to criminal prosecution and imprisonment.

Signature of alien: _____   Date: _____

---

### CERTIFICATE OF SERVICE

I personally served a copy of this Notice and Warrant upon the above-named person on _____
and ensured it was read to this person in a language he or she understands.          (Date)

_____          _____
Name of officer/agent                              Signature of officer/agent

Form AEA-21B