# Exhibit D

# Brown Declaration

<u>**KARENE BROWN ATTORNEY AFFIRMATION:**</u>
<u>**ATTORNEY OF RECORD FOR F.G.M.**</u>

I, Karene Brown, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge and belief:

1. My name is Karene Brown. I am a Staff Attorney at The Legal Aid Society within the New York Immigrant Family Unity Project ("NYIFUP"). I represent F.G.M. in his removal proceedings. I previously submitted a declaration in this case, ECF No. 30-1.

2. F.G.M. contacted me the evening of April 17, 2025. When I learned that ICE gave him a notice designating him as an Alien Enemy, I emailed the Dallas ICE Field Office along with the Bluebonnet Detention Facility and told them that F.G.M. was contesting his designation as an Alien Enemy. Additionally, I requested that F.G.M. not be deported until he had an opportunity to litigate the designation in court, and I also requested a copy of all documentation issued in F.G.M.'s case. The Dallas ICE Field Office did not respond to my written request contesting the Alien Enemy designation.

3. On the morning of April 18, 2025, I emailed various officials at ICE, again contesting the Alien Enemy designation in a similar manner to my e-mails on the 17th. No one from ICE responded to my written requests contesting the Alien Enemy designation.

4. Around 3:45 p.m. (CT) on April 18, 2025, F.G.M. called me and told me what had happened earlier in the day. ICE had lined up more than 20 Venezuelan detainees in his housing unit. F.G.M. stated out loud that his lawyer would sue the government. After hearing F.G.M.'s statement, ICE officers checked a document and removed him from the line. ICE then took F.G.M.'s Notice of Alien Enemy Designation away. ICE removed the other detainees from the housing unit, and they were taken away: only he and one other man remained. F.G.M. said that there were military personnel in uniform in addition to other officers' present at the facility assisting in this operation. F.G.M. said that ICE had cut off access to his device, which prevented him from notifying me, his lawyer, at the time they were attempting to remove him.

5. After the detainees left the facility, F.G.M. observed a janitorial worker taking up and removing their beddings. Later, F.G.M. observed some of the detainees that ICE removed in the afternoon back at the facility. F.G.M. was told by some of the detainees that ICE had placed them on a bus and drove away from the facility, only to turn back and return to Bluebonnet. F.G.M. was told by the detainees that ICE told them they were being deported to El Salvador.

6. ICE officials still have not responded to any of my e-mails nor provided me with a copy of the notice ICE gave to F.G.M. on April 17.

I, Karene Brown, affirm under penalty of perjury, that the foregoing is true and correct.

*/s/ Karene Brown*
Karene Brown, Esq.
Executed this 29th day of April, 2025
