UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| W.M.M., on his own behalf and on behalf of all others similarly situated, et al.,<br><br>    Petitioners-Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>    Respondents-Defendants. | No. 1:25-CV-059-H |

### **ORDER**

Before the Court is the petitioners' motion for reconsideration of the Court's previous order denying class certification. Dkt. No. 68. In the Court's order denying class certification (Dkt. No. 67), the Court stated that "[i]n the event that the Supreme Court grants the [petitioners'] pending petition for a writ of certiorari, this Order is automatically vacated." Dkt. No. 67 at 2. The Supreme Court subsequently granted certiorari, thus vacating the Court's order. *See A.A.R.P. v. Trump*, No. 24A1007, 24-1177, 2025 WL 1417281, at *3 n.1 (U.S. May 16, 2025).

The Supreme Court also remanded the case to the Fifth Circuit. *Id.* at *4. The Fifth Circuit now has jurisdiction over the matters appealed. *See Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007) (noting that an interlocutory appeal divests a district court of jurisdiction over those aspects of the case on appeal). In their notice of appeal, the petitioners appealed the Court's order denying the first motion for a temporary restraining order (Dkt. No. 27), as well as the "constructive denials" of the petitioners' motions for class certification (Dkt.

Nos. 3; 35-2)[1] and second motion for a temporary restraining order (Dkt. No. 30). *See* Dkt. No. 36.

Because the grant of certiorari automatically resulted in vacatur of the Court's order denying class certification (Dkt. No. 67), and the Fifth Circuit now has jurisdiction over the issue of class certification, the Court denies as moot the motion for reconsideration (Dkt. No. 68).

So ordered on May 23, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[1] The latter is now Dkt. No. 39.