UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| W.M.M., on His Own Behalf and on Behalf of All Others Similarly Situated, et al.,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in His Official Capacity as President of the United States, et al.,<br><br>Respondents-Defendants. | No. 1:25-CV-059-H |

**SCHEDULING ORDER**

The en banc Fifth Circuit recently dismissed the plaintiffs' interlocutory appeal in this case for lack of appellate jurisdiction and denied counsel's motion to substitute new class representatives without prejudice to this Court's consideration of the issue. *See W.M.M. v. Trump*, ___ F.4th ___, No. 25-10534, 2026 WL 2349473, at *4–5 (5th Cir. Aug. 13, 2026) (dismissing appeal); No. 25-10534, Dkt. No. 361-1 (5th Cir. Aug. 13, 2026) (denying motion to substitute). Given that the Fifth Circuit's judgment issued on August 13, 2026, the Supreme Court's injunction against the removal of putative class members under the Alien Enemies Act remains in effect until Thursday, November 12, 2026. *See A.A.R.P. v. Trump*, 605 U.S. 91, 99 (2025) (issuing injunction "pending order by the Fifth Circuit and disposition of the petition for a writ of certiorari, if such writ is timely sought"); Sup. Ct. R. 13(1) (providing for 90 days from judgment to seek a petition for a writ of certiorari).

Today, the Fifth Circuit's mandate issued. Dkt. No. 85. Thus, the case returns to this Court for further consideration, which includes the potential appointment of alternative

class representatives in light of the original plaintiffs' deportation under the Immigration and Nationality Act. *See W.M.M.*, 2026 WL 2349473, at *4. To ensure the expeditious and careful resolution of the claims and issues presented before the Supreme Court's injunction terminates, the Court issues the following Scheduling Order.

**1. Scheduling Instructions**

Pursuant to Federal Rule of Civil Procedure 16(b) and the local rules of this Court (except as modified herein), the Court finds that the following schedule should govern the disposition of this case. Unless otherwise ordered or modified by this Order, all limitations and requirements of the Federal Rules of Civil Procedure and this Court's local rules must be observed.

**2. Potential Amended Complaint or Substituted Plaintiffs**

Each of the original putative class representatives, W.M.M., A.R.P., and F.G.M., has been removed from the United States pursuant to the Immigration and Nationality Act. *W.M.M.*, 2026 WL 2349473, at *4. "As a result, no plaintiff remains in this country, and no class has been certified." *Id.* Every class action requires a class representative, *see* Fed. R. Civ. P. 23(a), and the removal of the original representatives prior to the preliminary certification of the putative class renders this case moot. *W.M.M.*, 2026 WL 2349473, at *4.

However, the Fifth Circuit's order denying substitution was expressly "without prejudice to any future determination by the district court regarding whether to allow the addition or substitution of class representatives and whether a class should be certified." *W.M.M.*, No. 25-10534, Dkt. No. 361-1 at 4. And it is within the Court's authority to permit a motion to substitute on that basis to cure the mootness problem raised by the original plaintiffs' removal. *See Graves v. Walton Cnty. Bd. of Educ.*, 686 F.2d 1135, 1136 (5th

Cir. Unit B. 1982). Thus, following the directive of the Fifth Circuit, the Court orders the following.

On or before August 24, 2026, the plaintiffs shall file either an amended complaint with the consent of the defendants, or, absent consent, a motion for leave to file an amended complaint. Alternatively, the plaintiffs may file a motion to add or substitute plaintiffs or any other appropriate motion to address mootness. The plaintiffs may also submit a motion for the proposed class representatives to proceed pseudonymously, but if they seek such relief, they must address the Fifth Circuit's concerns with doing so. *W.M.M. v. Trump*, No. 25-10534, Dkt. No. 363-1 (5th Cir. Aug. 13, 2026).

Within three days of the filing of the amended complaint or an order granting a motion to substitute, the defendants shall file an answer to the amended complaint.

Further, if the defendants oppose any of the above filings, they must file a response on or before August 28, 2026.

**3. Motions for Class Certification and Summary Judgment or Permanent Injunction**

Provided that the plaintiffs file an unopposed amended complaint or any opposed motions for leave to amend or substitute plaintiffs, the Court orders the following briefing schedule to ensure that a merits order issues before the Supreme Court's injunction terminates.

The plaintiffs shall file their motion for summary judgment or permanent injunction on or before September 3, 2026. The plaintiffs shall contemporaneously file a separate motion for preliminary class certification. The defendants shall file their responses to the motions on or before September 17, 2026. The plaintiffs shall file their reply briefs on or before September 24, 2026.

The parties' briefs must comply with Local Civil Rule 7.2, except that the page limit of Rule 7.2(c) is hereby enlarged to 50 pages for the summary-judgment and response briefs, and to 25 pages for the reply briefs. For each motion, the parties may submit appendices containing supporting materials. If the parties submit such evidence, their briefs must include citations to each page of the appendices that supports each assertion made concerning the evidence. *See* Loc. Civ. Rs. 7.1(*i*); 7.2(e).

**4. Evidentiary Hearing**

Upon completion of briefing, the Court sets this matter for an evidentiary hearing on Friday, October 2, 2026, at 9:00 a.m. in the United States District Court, Courtroom C-216, 1205 Texas Ave., Lubbock, Texas. The parties shall file their witness and exhibit lists no later than September 28, 2026. The Court shall provide the plaintiffs and defendants with 45 minutes to present oral argument and permit plaintiffs to reserve a portion of their time for rebuttal argument.

**5. The *A.A.R.P.* Injunction and Case Expectations**

As indicated above, the Supreme Court issued an injunction against the United States in *A.A.R.P.* That injunction provides that "[t]he Government is enjoined from removing the named plaintiffs or putative class members in this action under the [Alien Enemies Act] pending order by the Fifth Circuit and disposition of the petition for a writ of certiorari, if such writ is timely sought." *A.A.R.P.*, 605 U.S. at 99.

The deadline to seek such writ is 90 days. Sup. Ct. R. 13(1). Because the Fifth Circuit's judgment issued on August 13, 2026, the 90th day from that date is November 11, 2026—Veterans Day. However, pursuant to Supreme Court Rule 30(1), deadlines that fall on government holidays are extended to the following business day. Thus, the Supreme Court's injunction shall terminate on November 12, 2026, at 11:59 p.m. E.T. Considering

the injunction's ongoing effect, none of the proposed plaintiffs and putative class members appear to require emergency relief prior to November 12, 2026.

If any party believes that emergency relief is required in the interim, however, they may move for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65. The Court reminds the parties to refrain from ex parte communications. *See* Dkt. No. 47. Finally, the Court informs the parties that this Scheduling Order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court. Fed. R. Civ. P. 16(b)(4). Conclusory statements will not suffice to show good cause, even if the motion is agreed or unopposed.

So ordered on August 20, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE