**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| W.M.M., *et al.*, on their own behalf and on behalf of all others similarly situated,<br><br>*Petitioners–Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Respondents–Defendants*. | Case No. 1:25-cv-59-H |

**PETITIONERS' UNOPPOSED MOTION TO ADD PROPOSED CLASS REPRESENTATIVES**

Petitioners respectfully move, without opposition, to add three members of the putative class as proposed class representatives.[1] This motion does not seek to expand the putative class, add new claims, or alter the relief sought. The proposed class representatives were already members of the putative class whose claims have been litigated in this action from the beginning.

The Fifth Circuit found the appeal moot based on the removal under the Immigration and Nationality Act ("INA") of the original named class representatives. *See W.M.M. v. Trump*, --- F.4th ----, No. 25-10534, 2026 WL 2349473, at *4-5 (5th Cir. Aug. 13, 2026); *W.M.M. v. Trump*, --- F.4th ---, No. 25-10534, 2026 WL 2364402, at *1 (5th Cir. Aug. 13, 2026) (denying motion to substitute class representatives on appeal).[2] The Fifth Circuit stated that its ruling does not preclude "any

[1] Respondents do not oppose this motion.

[2] Petitioners' position is that, under Fifth Circuit law, the case would not be moot even without adding new class representatives, because the class is inherently transitory and the class certification motion had been filed prior to Respondents removing the original class representatives under the INA. *See Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1045-51 (5th Cir. Unit A 1981); *Ward v. Hellerstedt*, 753 F. App'x 236, 243-44 (5th Cir. 2018).

future determination by the district court respecting whether to certify a class [or] to permit the petitioners to add or substitute new class representatives." *W.M.M.*, 2026 WL 2349473, at *4; *W.M.M.*, 2026 WL 2364402, at *4. This Court has also recognized that it is within its "authority to permit a motion to substitute on that basis." Dkt. No. 87 at 2.

Petitioners now seek to add three proposed class representatives. The proposed representatives are D.A.A., who remains detained at the Bluebonnet Detention Facility in the Northern District of Texas, and T.I.A. and E.A.A., who were detained in the Northern District of Texas at the time the operative complaint was filed but have since been transferred by the government to a detention facility in Oklahoma. All three remain in federal custody, remain subject to removal under the Alien Enemies Act ("AEA"), and present the same claims as the original named Petitioners. Addition of the proposed representatives promotes judicial efficiency.

**BACKGROUND**

Petitioners W.M.M. and A.A.R.P. filed this habeas class action in the Northern District of Texas on behalf of themselves and a proposed class subject to removal under the AEA. Dkt. No. 1.[3] On April 17, 2025, this Court denied Petitioners' request for a temporary restraining order. Dkt. No. 27. Petitioners sought emergency relief from the Fifth Circuit and then relief in the Supreme Court.

The Supreme Court entered an administrative stay ordering the government "not to remove any member of the putative class of detainees" while the emergency proceedings were pending. *A.A.R.P. v. Trump*, 605 U.S. 91, 93 (2025). The Supreme Court subsequently construed Petitioners'

---

But because Petitioners are seeking to add new proposed class representatives, this Court need not rely on that ground.

[3] This Court granted Petitioners' motion to add F.G.M. as a proposed class representative on April 18, 2025. *See* Dkt. No. 37.

application as a petition for a writ of certiorari, granted certiorari and injunctive relief to the putative class, vacated the Fifth Circuit's judgment, and remanded to the Fifth Circuit for further proceedings. *Id.* at 94, 98-99. The Court directed the Fifth Circuit to address both the named Petitioners' statutory claims and "the putative class's due process claims against summary removal," and it enjoined the government from removing either "the named plaintiffs or putative class members in this action under the AEA pending order by the Fifth Circuit and disposition of the petition for a writ of certiorari, if such writ is timely sought." *Id.* at 99.

On remand, a Fifth Circuit panel granted a preliminary injunction. *See W.M.M. v. Trump*, 154 F.4th 207 (5th Cir. 2025), *vacated on grant of reh'g en banc*, 154 F.4th 319 (5th Cir. 2025). The Fifth Circuit subsequently granted rehearing *en banc*. *W.M.M.*, 154 F.4th at 321. After the *en banc* oral argument, the parties informed the Fifth Circuit that the government had removed all three original named Petitioners under the INA rather than the AEA. Joint Letter, *W.M.M. v. Trump*, No. 25-10534 (5th Cir. Feb. 4, 2026), Dkt. No. 332. The *en banc* court thereafter dismissed the appeal, concluding that no named Petitioner retained a live individual claim on appeal. *W.M.M.*, 2026 WL 2349473, at *5. The Fifth Circuit's order stated that dismissal was "without prejudice to any future determination by the district court regarding whether to permit the petitioners to add or substitute new class representatives." *Id.* at *4.

After the Fifth Circuit's mandate issued, this Court ordered that Petitioners file "a motion to add or substitute plaintiffs." Dkt. No. 87 at 3. This Court stated that it has "authority to permit a motion to substitute . . . to cure the mootness problem raised by the original plaintiffs' removal." *Id.* at 2-3. It also set forth an expedited schedule in this case. *Id.* at 3-5.

## ARGUMENT

### I. This Court Can Add Putative Class Members as Proposed Class Representatives.

Under Federal Rule of Civil Procedure 21, a district court "may at any time, on just terms, add or drop a party." Courts have long permitted the addition or substitution of putative class representatives. As the Fifth Circuit has explained, even where "no formal order of certification was entered," "members of the class may be substituted as named plaintiffs in order to preserve the action." *Graves v. Walton Cnty. Bd. of Educ.*, 686 F.2d 1135, 1136 (5th Cir. 1982); *Miss. Prot. & Advoc. Sys., Inc. v. Cotten*, 929 F.2d 1054, 1057-58 (5th Cir. 1991) (affirming district court's substitution of a putative class member before the district court certified the class); *Armour v. City of Anniston*, 622 F.2d 1226 (Mem.), 1226 (5th Cir. 1980) (directing district court, with respect to a "proposed class," to "substitute an appropriate class representative" if the original plaintiff was no longer suitable). The Fifth Circuit has cautioned against "ignor[ing] the substance of the proceeding" through "an excessively formalistic adherence" to procedural labels. *Graves*, 686 F.2d at 1140 (citation omitted); *see also* 1 William Rubenstein, Newberg & Rubenstein on Class Actions § 2:17 (6th ed. 2025) (noting that "[w]hen mootness of the named plaintiff's claims occurs, intervention by absentee members is freely allowed in order to substitute them as class representatives," including "before a ruling on class certification").

This case was pleaded as a putative class action from the beginning. The original Petitioners moved for class certification at the outset and renewed that request in an amended motion. Dkt. Nos. 3, 39, 40. The Supreme Court recognized the existence of a "putative class," afforded relief to "putative class members," and directed the Fifth Circuit to address "the putative class's due process claims." *A.A.R.P.*, 605 U.S. at 93, 97-99. The government has taken the same view and represented to the Fifth Circuit that it has treated this case as involving a prospective class. *See*

Oral Arg. at 54:38–54:43, *W.M.M.*, No. 25-10534 (5th Cir. Jan 22, 2026) (en banc) (Government attorney: "We've treated [this case] as a prospective class being in front of you"), https://perma.cc/R3U6-HYYG. The Fifth Circuit declined to make factual findings about proposed representatives for the first time on appeal, but made clear that its ruling does not preclude "any future determination by the district court . . . to permit the petitioners to add or substitute new class representatives." *W.M.M.*, 2026 WL 2349473, at *4. Addition of proposed representatives is therefore properly before this Court.

## II. Adding Proposed Representatives Is Proper.

Each proposed representative—D.A.A., T.I.A., and E.A.A.—is already a member of the putative class defined in Petitioners' original and amended class certification motions and protected by the Supreme Court's injunction. *See* Exhibits 1–3; *see also* Dkt. Nos. 3, 39, 40 (motions for class certification).[4]

D.A.A. remains detained at the Bluebonnet Detention Facility in the Northern District of Texas. *See* Exhibit 1 ¶ 2. The government has designated D.A.A. as subject to removal under the AEA Proclamation and has served him with an AEA notice. *See id.* ¶¶ 4-7. D.A.A. therefore remains subject to the same challenged governmental action as the original named Petitioners and seeks the same relief on the same legal grounds. *See id.* ¶¶ 7-9.

[4] The declarations are submitted as Exhibits to this motion. Given the Court's expedited schedule for filing the motion, Petitioners submit the same declarations previously filed in the Fifth Circuit. The declarations reflect the circumstances as of the dates on which they were executed. The only factual change of which counsel is aware is that the detention location changed for E.A.A. from the Bluebonnet Detention Facility to a facility in Oklahoma when Respondents transferred him after his declaration was filed in the Fifth Circuit. *See* Exhibit 4 ¶¶ 3-7. Petitioners' counsel will file an updated declaration as soon as practicable, but thus far have been unable to reach E.A.A. in the Oklahoma facility since this Court issued its order. *Id.* Petitioners will separately file a motion to proceed under pseudonyms.

T.I.A. and E.A.A. likewise fall within the putative class. They were previously detained in the Northern District of Texas at the time the complaint and class motion were filed and, while detained there, were designated by the government under the AEA Proclamation and served with AEA notices. *See* Exhibit 2 ¶ 7; Exhibit 3 ¶ 5. The government subsequently transferred them to detention facilities in Oklahoma. *See id.* ¶¶ 2, 8; Exhibit 4 ¶¶ 3, 6. That transfer, however, does not extinguish the claims they possess as putative class members. Both remain detained by the government, remain subject to the AEA Proclamation, and challenge removal under that Proclamation on the same statutory and constitutional grounds asserted in the operative petition. *See* Exhibit 2 ¶¶ 7-10; Exhibit 3 ¶¶ 5-7.

Moreover, because the detention and removal claims at issue are inherently transitory, any certification of the putative class relates back to the filing of the operative complaint. *See Ward*, 753 F. App'x at 242 (holding that, for inherently transitory detention claims, "a class certification order is deemed to relate back to the time of the filing of the original complaint"). Relation back preserves the class controversy even if the original plaintiffs' individual claims are mooted. *See Zeidman*, 651 F.2d at 1045-51 (applying relation-back principles to preserve a putative class controversy despite mootness of the named plaintiffs' claims while a timely class-certification motion remained pending). And where such a class controversy remains live, the Fifth Circuit has held that "members of the class may intervene or be substituted as named plaintiffs in order to keep the action alive." *Graves*, 686 F.2d at 1138; *see also Lynch v. Baxley*, 651 F.2d 387, 388 (5th Cir. 1981) (requiring an opportunity for members of the original class with live claims to become named plaintiffs). Courts in this Circuit have thus held that putative class members later added relate back to the original filing where they were already members of the proposed class and defendants were therefore "in effect already defending the action" against them. *See Nolan v.*

*Exxon Mobil Corp.,* No. 13-cv-439-JJB-EWD, 2016 WL 1213231, at *7 (M.D. La. Mar. 23, 2016); *see also Rangel v. Wellpath, LLC*, No. 23-cv-128, 2024 WL 4773311, at *5 (N.D. Tex. Nov. 13, 2024) (allowing a reasonable time to substitute and "relate the substitution back to the original date of filing" when original party had standing at filing).[5]

Adding the proposed representatives does not alter the putative class definition, add any claim or inject any new theory of liability, broaden the operative complaint, or seek any new relief. The proposed representatives challenge the same AEA Proclamation, on the same ground, on behalf of the same putative class. Adding them is therefore the most efficient means of allowing this Court to address the class certification and merits questions already presented in this action without requiring putative class members to initiate an unnecessary, duplicative action challenging the identical policy.

## III. Addition Causes No Prejudice to Respondents.

The government does not oppose this motion, and the operative legal questions remain exactly the same as those litigated before this Court, considered by the Supreme Court in *A.A.R.P.*, and litigated through *en banc* proceedings in the Fifth Circuit.

## CONCLUSION

The Court should grant Petitioners' motion to add proposed class representatives.

[5] The government's non-opposition also impliedly waives any objection based on the immediate-custodian requirement. The Fifth Circuit has recognized that the immediate-custodian requirement is waivable because it concerns personal jurisdiction or venue, not subject-matter jurisdiction. *See Moreland v. Fed. Bureau of Prisons*, 431 F.3d 180, 183-84 & n.8 (5th Cir. 2005) (recognizing that immediate-custodian and territorial-jurisdiction rules can be waived by the government). Here, the government does not oppose adding proposed representatives or object to this Court adjudicating T.I.A.'s and E.A.A.'s claims.

Dated: August 24, 2026

Respectfully submitted,
*/s/Lee Gelernt*

Lee Gelernt
Daniel Galindo
Kathryn Huddleston*
Ashley Gorski
Patrick Toomey
Sidra Mahfooz*
Omar Jadwat*
Hina Shamsi*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
E: lgelernt@aclu.org
E: dgalindo@aclu.org
E: khuddleston@aclu.org
E: agorski@aclu.org
E: ptoomey@aclu.org
E: smahfooz@aclu.org
E: ojadwat@aclu.org
E: hshamsi@aclu.org

Noelle Smith*
Oscar Sarabia Roman*
My Khanh Ngo
Cody Wofsy*
Spencer Amdur*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
E: nsmith@aclu.org
E: osarabia@aclu.org
E: mngo@aclu.org
E: cwofsy@aclu.org
E: samdur@aclu.org

Brian Klosterboer
Tx Bar No. 24107833
Thomas Buser-Clancy
TX Bar No. 24078344
Savannah Kumar
TX Bar No. 24120098
Charelle Lett
TX Bar No. 24138899
Ashley Harris
TX Bar No. 24123238
Adriana Piñon
TX Bar No. 24089768
ACLU FOUNDATION OF TEXAS, INC.
1018 Preston St.
Houston, TX 77002
(713) 942-8146
bklosterboer@aclutx.org
tbuser-clancy@aclutx.org
skumar@aclutx.org
clett@aclutx.org
aharris@aclutx.org
apinon@aclutx.org

Attorneys for Petitioners-Plaintiffs

**Pro hac vice applications forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system which sends notice of electronic filing to all counsel of record.

Dated: August 24, 2026

Respectfully submitted,
*/s/Lee Gelernt*

Lee Gelernt
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
E: lgelernt@aclu.org

Attorney for Petitioners-Plaintiffs