**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| W.M.M., *et al.*, on their own behalf and on behalf of all others similarly situated,<br><br>*Petitioners–Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Respondents–Defendants*. | Case No. 1:25-cv-59-H |

**PETITIONERS' MOTION TO PROCEED UNDER PSEUDONYMS**

Proposed class representatives D.A.A., T.I.A., and E.A.A. ("Proposed Representatives") move for permission to proceed under pseudonyms.[1] This Court granted the original Petitioners permission to file under pseudonyms. For similar reasons, the new Proposed Representatives should likewise be permitted to proceed under pseudonyms. The factors identified by the Fifth Circuit lead to the same result for the Proposed Representatives, under the circumstances here. The declarations and subsequent filings will contain the same type of highly sensitive and personal information this Court previously found weighed in favor of allowing the original Petitioners to proceed under pseudonyms. Dkt. No. 9 at 1 (granting petitioners' motion to proceed under pseudonyms).

[1] Before the Fifth Circuit, counsel for Respondents consented to the use of pseudonyms for the Proposed Representatives. *See* Pet'rs'-Appellants' Unopposed Mot. to Proceed Under Pseudonym, *W.M.M. v. Trump*, No. 25-10534 (5th Cir. Feb. 17, 2026), Dkt. No. 335. On remand, the government has now changed its position as to the Proposed Representatives, and counsel has stated, without explanation, that the government opposes this motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that the complaint "name all the parties," and Federal Rule of Civil Procedure 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." But, as the Fifth Circuit has recognized, courts are permitted "to accommodate a plaintiff's asserted need to proceed anonymously through the use of a fictitious name." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A 1981); *see also W.M.M. v. Trump*, --- F.4th ---, No. 25-10534, 2026 WL 2364402, at *1-2 & n.1 (5th Cir. Aug. 13, 2026) (relying on *Stegall*). When evaluating a plaintiff's request to proceed anonymously, the Fifth Circuit considers the totality of the circumstances. *See id.* at 186 (rejecting "hard and fast formula"). Factors that the Fifth Circuit considers in this analysis include: whether "(1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information 'of the utmost intimacy'; and (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 185 (citation omitted).[2] Those considerations do not constitute a "rigid, three-step test." *Id.* at 186. Courts in this Circuit consider, in addition to the factors described in *Stegall*, (4) "potential threats of violence," (5) "the prejudicial impact on the defendants if the plaintiff is allowed to proceed anonymously," and (6) "fairness to the public." *Doe v. Bd. of Supervisors*, No. 22-cv-338, 2022 WL 17070549, at *2 (M.D. La. Nov. 17, 2022); *see also Roe v. Patterson*, No. 19-cv-179, 2019 WL 2407380, at *3 (E.D. Tex. June 3, 2019) (noting that "other circumstances" courts consider include "whether plaintiffs would face threats of violence or physical harm by proceeding in their own names" and "any prejudicial impact on the defending parties") (cleaned up).

[2] The third *Stegall* factor is not at issue here.

**ARGUMENT**

The totality of the circumstances, including the *Stegall* factors, weighs in favor of granting Proposed Representatives pseudonymity. Petitioners are challenging government action: the implementation of the AEA Proclamation and their designation as "alien enemies" under that Proclamation. The publication of Proposed Representatives' names in association with this case risks revealing highly sensitive and personal information about Proposed Representatives' immigration status, particularly for Proposed Representatives T.I.A. and E.A.A., who are asylum seekers and who as asylum seekers have not disclosed their names on a public docket given the confidentiality of asylum proceedings. Most importantly, public identification would associate Proposed Representatives by name with the government's disputed allegation that they are members of Tren de Aragua ("TdA") and alien enemies. Proposed Representatives face a concrete and substantial risk of harm from that public association if removed to Venezuela or another country. Courts in this Circuit and around the country have granted pseudonymity in prior litigation over the AEA Proclamation; Counsel is not aware of any district court that has denied pseudonymity in an AEA case. *See J.A.V. v. Trump*, No. 25-cv-72 (S.D. Tex. Apr. 24, 2025) (granting pseudonymity in oral order); *M.A.P.S. v. Garite*, No. 25-cv-171 (W.D. Tex. May 13, 2025), Dkt. No. 20 (granting pseudonymity); *J.G.G. v. Trump*, No. 25-cv-766, 2025 WL 1352316, at *3 (D.D.C. May 8, 2025) (same); *D.B.U. v. Trump*, No. 25-cv-1163 (D. Colo. Apr. 14, 2025), Dkt. No. 11 (same); *G.F.F. v. Trump*, No. 25-cv-2886 (S.D.N.Y Apr. 8, 2025), Dkt. No. 10 (same); *W.J.C.C. v. Trump*, No. 25-cv-153 (W.D. Pa. May 22, 2025), Dkt. No. 8 (same); *A.S.R. v. Trump*, 25-cv-113 (W.D. Pa. Apr. 15, 2025), Dkt. No. 9; *Y.A.P.A. v. Trump*, 785 F. Supp. 3d 1350, 1354 n.1 (M.D. Ga. 2025) (same).

**I. Proposed Representatives Are Challenging Government Conduct.**

The only adverse party here is the federal government, and all Respondents are sued in their official capacity. This factor therefore does not weigh against, and if anything supports, pseudonymity. *See S.B. v. Fla. Agric. & Mech. Univ. Bd. of Trs.*, 823 F. App'x 862, 866-67 (11th Cir. 2020) (noting that plaintiff's action challenged government activity and upholding grant of pseudonymity).

**II. Proceeding Under Their Real Identities Would Require Proposed Representatives to Disclose Highly Sensitive and Personal Information.**

Even where the AEA is not involved, courts have routinely treated immigration matters that disclose personal information "with sensitivity under the Federal Rules of Civil Procedure and the INA." *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 370-72 (S.D.N.Y. 2019); *D.B.U.*, 2025 WL 1101149, at *1 ("[N]umerous courts have recognized the unique vulnerabilities of asylum seekers and similarly situated individuals and allowed them to proceed pseudonymously as a result.") (cleaned up); *M.M. v. Mayorkas*, No. 24-cv-2090, 2024 WL 1795766, at *2 (S.D.N.Y. Apr. 25, 2024) (granting motion to proceed anonymously where "[t]he facts underlying [p]laintiff's claim" involved a "highly sensitive and personal matter"); *M.O. v. Mayorkas*, No. 23-cv-06609, 2023 WL 7300960, at *2 (W.D.N.Y. Nov. 6, 2023) (permitting plaintiff, an asylum seeker, to proceed under a pseudonym). Here, two of the three Proposed Representatives are seeking asylum. *See* Exhibit 2 ¶ 3; Exhibit 3 ¶ 2.[3]

The Fifth Circuit held in this case that asylum or immigration status, "without more," does not constitute information "of the utmost intimacy" and noted that it was unclear if the Proposed Representatives had used pseudonyms in their administrative immigration proceedings. *W.M.M.*,

[3] Exhibits cited in this motion refer to the exhibits included with Petitioners' concurrently filed Unopposed Motion to Add Proposed Class Representatives.

2026 WL 2364402, at *1-2. But information pertaining to asylum proceedings cannot be publicly disclosed without the asylum applicant's written consent, so the noncitizen need not use a pseudonym. *See* 8 C.F.R. § 208.6(a) (DHS regulation providing that "[i]nformation contained in or pertaining to any application for refugee admission [or] asylum . . . shall not be disclosed without the written consent of the applicant."); *id.* § 1208.6(a) (DOJ regulation governing immigration-court proceedings before EOIR providing the same). T.I.A. and E.A.A. have therefore never identified themselves as asylum seekers in public documents by the mere fact of pursuing asylum in their immigration proceedings. And E.A.A. describes in his declaration being kidnapped and tortured "for my political organizing against the Venezuelan government." Exhibit 1 ¶ 2. This is precisely the kind of sensitive personal information that makes asylum seekers uniquely vulnerable if their names are disclosed. *See, e.g.*, *Valle del Sol v. Whiting*, No. 2:10-cv-1061-SRB (D. Ariz. June 21, 2010), Dkt. No. 212 at 1-2 (plaintiff could proceed pseudonymously; disclosure of his identity would make known "his opposition to the policies" of his country of origin's government and create "exposure to harassment").

In any event, Proposed Representatives do not together rely exclusively, or even principally, on the disclosure of their names in connection with their immigration status as the basis for proceeding under pseudonym. Instead, as discussed below, Proposed Representatives make the additional and distinct point that disclosure of their true names in this litigation would create a permanent, publicly searchable link between their identities and the U.S. government's disputed allegation that they are members of TdA, putting them at risk of serious harm if removed to Venezuela or a third country such as El Salvador. *See* Exhibit 1 ¶ 8; Exhibit 2 ¶ 9; Exhibit 3 ¶ 6.

**III. Pseudonyms Are Necessary Because Proposed Representatives Face Likely Retaliatory Harm If Their Names Are Connected With Their Disputed AEA Designations.**

The AEA Proclamation targets Venezuelan noncitizens who are designated by the government as members of TdA for removal under the AEA. Proposed Representatives each have been designated by the government as TdA members, dispute that designation, and remain subject to removal under the Proclamation. Public disclosure would therefore attach their names to the government's designation of their membership in TdA—again, as they argue, erroneously—in publicly searchable federal court records. This public disclosure would place Proposed Representatives at risk of being targeted for physical violence in Venezuela. *See, e.g.*, Exhibit 5 ¶ 9 (expert declaration of Andres Antillano: "Being prominently labeled as TdA members by high-profile political leaders in both the United States and Venezuela carries serious consequences, despite the falsity of the accusations in the vast majority of cases. Rival gangs that mistakenly believe public statements that these men are TdA members may threaten or attack them as they would any other rival gang member. . . . These simultaneous threats can make daily life for these men very dangerous."). Proposed Representatives are also at risk due to their TdA designation by the government if removed to a third country. *See* Human Rights Watch, *"You Have Arrived in Hell": Torture and Other Abuses Against Venezuelans in El Salvador's Mega Prison* (Nov. 12, 2025) ("[D]etainees were subjected to constant beatings and other forms of ill-treatment, including some cases of sexual violence. Many of these abuses constitute torture under international human rights law."), https://perma.cc/AS9V-E89R.[4] As the Fifth Circuit specifically recognized, courts

[4] The Fifth Circuit concluded that the previous record contained only "generalized concerns" about potential retaliation. *W.M.M.*, 2026 WL 2364402, at *3-4. Proposed Representatives now submit this evidence not previously provided to the Fifth Circuit, regarding risk of retaliation due to the government's designation of Proposed Representatives as TdA members. Proposed Representatives will also provide updated declarations with any additional relevant information as soon as practicable, if warranted.

"generally allow pseudonymity" where there is a reasonable fear of retaliatory physical harm, particularly where the requesting party is vulnerable to retaliation. *W.M.M.*, 2026 WL 2364402, at *3 (citation modified).

Moreover, increased anti-immigrant rhetoric and sentiment risks fueling anti-immigrant harassment, intimidation, and even violence. *See, e.g.*, Human Rights First, *Extremism Fact Sheet* (March 2023), https://perma.cc/GJY2-D3PX (noting the "growth and normalization of xenophobic and anti-immigrant extremism" and its "wide-ranging impact"); *see also* U.S. Dep't of Justice, *Texas Man Sentenced to 90 Consecutive Life Sentences for 2019 Mass Shooting at Walmart in El Paso, Texas* (July 7, 2023) (mass shooting motivated by anti-immigrant animus), https://perma.cc/2VWZ-Z2R4?type=image. Courts have recognized "harassment[] and intimidation" based on anti-immigrant sentiment as a basis for pseudonymity. *Hisp. Int. Coal. v. Governor of Ala.*, 691 F.3d 1236, 1247 (11th Cir. 2012); *Lozano v. City of Hazleton*, 620 F.3d 170, 194-95 (3d Cir. 2010), *vacated on other grounds*, 563 U.S. 1030 (2011) (where undocumented plaintiffs faced "risk of harassment, and even physical danger, if their identities were revealed," affirming grant of pseudonymity).

Moreover, the risk of retaliation from Proposed Representatives' public identification as individuals designated by the government as TdA members extends not just to Proposed Representatives but also to their families. Prior litigation over the Proclamation has resulted in worldwide publicity. Public disclosure of Proposed Representatives' names runs a risk of identifying their family, thus potentially putting those family members at risk.

Proposed Representatives—and their families—are thus at real risk of danger and reasonably fear retaliation from participating in this lawsuit if their identities were revealed. *See Doe v. Smith*, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999) ("[C]ourts have allowed plaintiffs to proceed

anonymously where disclosure of their identities created a risk of harm from third parties unaffiliated with the case."); *Doe #1 v. Syracuse Univ.*, No. 5:18-CV-0496 (FJS/DEP), 2018 WL 7079489, at *6 (N.D.N.Y. Sept. 10, 2018) (permitting students accused by university officials of serious misconduct to proceed anonymously because "[t]here is plainly a serious stigma associated with allegations of this nature and, should their identities be made public, plaintiffs could be permanently marked as possessing the character traits attributed to them by [defendants]").

**IV. Respondents Will Not Be Prejudiced, and the Public Interest Weighs in Favor of Allowing Proposed Representatives to Proceed Pseudonymously.**

Respondents already know Proposed Representatives' identities. *See Doe v. CoreCivic, Inc.*, No. 20-cv-1828, 2020 WL 3640058, at *2 (S.D. Tex. July 6, 2020) ("Defendants are already aware of [Plaintiff's] true identity"). Nor has the government noted any prejudice it would suffer; indeed, as noted (*supra* n.1), the government originally consented to pseudonymity in this case for the Proposed Representatives, in the Fifth Circuit.

Proposed Representatives recognize that the public has an independent interest in transparent judicial proceedings. *See W.M.M.*, 2026 WL 2364402, at *3-4. But pseudonymity would leave the substance of this litigation fully public. The class definition, the government's challenged conduct, the legal claims and defenses, the declarations except for identifying information, and the Court's rulings would all remain available for public scrutiny. The identities of Proposed Representatives will add little to the public understanding of the case. *See Stegall*, 653 F.2d at 185 ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them."); *CoreCivic, Inc.*, 2020 WL 3640058, at *2 (finding public interest weighed in favor of anonymity when "most of the pertinent facts [are] made on the public record" and the only non-public aspect "is [plaintiff's] actual identity").

## CONCLUSION

This Court should grant Proposed Representatives' motion to proceed under pseudonyms.

Dated: August 24, 2026

Respectfully submitted,
/s/Lee Gelernt

Lee Gelernt
Daniel Galindo
Kathryn Huddleston*
Ashley Gorski*
Patrick Toomey*
Sidra Mahfooz*
Omar Jadwat*
Hina Shamsi*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
E: lgelernt@aclu.org
E: dgalindo@aclu.org
E: khuddleston@aclu.org
E: agorski@aclu.org
E: ptoomey@aclu.org
E: smahfooz@aclu.org
E: ojadwat@aclu.org
E: hshamsi@aclu.org

Noelle Smith*
Oscar Sarabia Roman*
My Khanh Ngo
Cody Wofsy*
Spencer Amdur*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
E: nsmith@aclu.org
E: osarabia@aclu.org
E: mngo@aclu.org
E: cwofsy@aclu.org
E: samdur@aclu.org

Brian Klosterboer
Tx Bar No. 24107833
Thomas Buser-Clancy
TX Bar No. 24078344
Savannah Kumar
TX Bar No. 24120098
Charelle Lett
TX Bar No. 24138899
Ashley Harris
TX Bar No. 24123238
Adriana Piñon
TX Bar No. 24089768
ACLU FOUNDATION OF TEXAS, INC.
1018 Preston St.
Houston, TX 77002
(713) 942-8146
bklosterboer@aclutx.org
tbuser-clancy@aclutx.org
skumar@aclutx.org
clett@aclutx.org
aharris@aclutx.org
apinon@aclutx.org

Attorneys for Petitioners-Plaintiffs

**Pro hac vice applications forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system which sends notice of electronic filing to all counsel of record.

Dated: August 24, 2026

Respectfully submitted,
*/s/Lee Gelernt*

Lee Gelernt
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
E: lgelernt@aclu.org

Attorney for Petitioners-Plaintiffs