UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

W.M.M., on His Own Behalf and on Behalf of All Others Similarly Situated, et al.,

Petitioners-Plaintiffs,

v.

DONALD J. TRUMP, in His Official Capacity as President of the United States, et al.,

Respondents-Defendants.

No. 1:25-CV-059-H

**NOTICE**

Before the Court is the plaintiffs' motion for summary judgment.[1] Dkt. No. 96. In response, the defendants ask the Court to deny the plaintiffs' motion and "instead enter judgment in favor of [the defendants]." Dkt. No. 116 at 1; *see also* Dkt. No. 117 at 48. The defendants have not, however, filed a cross-motion for summary judgment. Nonetheless, in light of the defendants' request for dispositive relief, the Court plans to construe the defendants' response as a cross-motion for summary judgment.

Considering this case's posture and the expiration of the Supreme Court's injunction on November 12, 2026, the Court understands both parties to be seeking dispositive relief. Further, the parties' briefing "demonstrate[s] a basic agreement concerning what legal theories and material facts are dispositive" in this dispute. *Petro Harvester Operating Co., LLC v. Keith*, 954 F.3d 686, 700 (5th Cir. 2020) (quoting *Bricklayers, Masons & Plasterers Int'l Union,*

---

[1] In addition to the plaintiffs' motion for summary judgment, the plaintiffs' motion to substitute class representatives (Dkt. No. 88), motion for leave to proceed under pseudonyms (Dkt. No. 89), and motion for class certification (Dkt. No. 93) remain pending.

*Loc. Union No. 15 v. Stuart Plastering Co.*, 512 F.2d 1017, 1023 (5th Cir. 1975)); *see also* Fed. R. Civ. P. 56(a). And importantly, resolving this case on cross-motions for summary judgment will allow the Court to issue an order and final judgment before the Supreme Court's injunction expires.

Therefore, the Court finds it appropriate to construe the defendants' response as a cross-motion for summary judgment. *See, e.g.*, *Empire Indem. Ins. Co. v. Allstate Cnty. Mut. Ins. Co.*, 617 F. Supp. 2d 456, 460 n.5 (N.D. Tex. 2008) (O'Connor, J.) ("Based on the substance of the arguments made by [the defendant], the Court construes its pleading as a cross motion for summary judgment on all of [the plaintiff's] claims for . . . relief." (citing *Hussain v. Bos. Old Colony Ins. Co.,* 311 F.3d 623, 633 n.39 (5th Cir.2002))); *McLennan v. Burke*, 425 F. App'x 377, 380–81 (5th Cir. 2011) (affirming district court decision construing defendant's response to plaintiff's motion for summary judgment as cross-motion for summary judgment). Rather than prejudicing either party, construing the defendants' response as a cross-motion for summary judgment will allow the Court to resolve this dispute before the Supreme Court's injunction terminates. *Cf.* 10A Wright & Miller's Federal Practice & Procedure § 2720 (4th ed. 2026) (stating that "when the court is ruling on cross-motions" for summary judgment, it "may proceed to decide the factual issues and render a judgment on the merits without any further delay if it is clear that there is nothing else to be offered by the parties and there is no prejudice in proceeding in this fashion").

The Court provides this Notice so that the parties may file objections to the Court's planned course of action. Any objections must be filed within seven days of this Notice.

So ordered on October 19, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE